680 So.2d 762 (1996)
Kevin N. RIVERS
v.
GROTH CORPORATION and Louisiana Workers' Compensation Corporation.
No. 95 CA 2509.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
Robert M. Becnel, Laplace, for Plaintiff-Appellee.
Leslie Megin Koch, Patricia H. Wilton, Baton Rouge, for Defendants-Appellants.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
Defendants, Groth Corporation and Louisiana Workers' Compensation Corporation, appeal *763 from a confirmation of a default taken by the plaintiff, Kevin N. Rivers, before the Office of Workers' Compensation. It is asserted in one of the assignments of error that the hearing officer improperly rendered a judgment by default without proper proof of service in the record. We agree.
Mr. Rivers filed a workers' compensation claim against his employer for scarring and disfigurement as a result of an accident sustained while on the job. He also sought attorney's fees and penalties based upon the arbitrary and capricious failure of his employer to provide said compensation. An informal mediation conference was convened on May 30, 1995, in accordance with the rules promulgated by the Office of Workers' Compensation. La. Admin. Code, 40:XXI.2129 (1994). Thereafter, on July 14, 1995, petitioner filed a request for a preliminary default judgment against the defendants. The default was confirmed on July 21, 1995.
The issue of service requirements is addressed by Louisiana Code of Civil Procedure article 1201 in the following pertinent part:
A. Citation and service thereof are essential in all civil actions.... Without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
La.Code Civ. P. art. 1201.
Mediation is informal by nature, and all statements are inadmissible at any subsequent hearing. La. Admin. Code, 40:XXI.2129 (1994). The Louisiana Administrative Code, however, specifically requires that formal citation and service of process be effectuated upon a proper party defendant in attendance at the time of the mediation conference. La. Admin. Code, 40:XXI.2131(1994). Additionally, section 2131 allows that "[t]he affidavit of the mediator in any subsequent proceeding shall be prima facie evidence that service has been made in accordance with this rule."
Proper citation is the cornerstone of all actions. The law is, moreover, patently clear that actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation. Piper v. Olinde's Hardware & Supply Company, Inc., 276 So.2d 788, 793 (La.App. 1st Cir.1973); writ issued, 279 So.2d 684 (La.1973), cert. denied, 279 So.2d 689 (La.1973), affirmed, 288 So.2d 626 (La.1974).
In the proceeding sub judice, the only reference to the issue of service gleaned after a review of the record, is the pronouncement by the court that citation and service had been waived at the end of the mediation conference. This open court statement is unsupported by any written evidence in the form of a written waiver by defendants or, alternatively, by an affidavit or the sworn testimony of the mediator. It clearly falls short of the unequivocal evidentiary requirement vis-a-vis service at a mediation conference and its procedural viability in a civil default proceeding. La. Admin. Code, 40:XXI.2131. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. Scullin on Behalf of American Companies v. Prudential Insurance Company of America, 421 So.2d 470, 472 (La.App. 4th Cir.1982).
Accordingly, the default judgment against Groth Corporation and Louisiana Workers' Compensation Corporation is annulled. This determination preempts the necessity of addressing the additional assignments of error presented for review by the appellants. Also, we find no merit in plaintiff's contention that defendants' appeal is frivolous, entitling him to damages, as asserted in plaintiff's answer to the appeal. The matter is remanded to the Office of Workers' Compensation for proceedings in conformity with this ruling. All costs of this proceeding are assessed to the appellee.
ANNULLED AND REMANDED.