692 So.2d 17 (1997)
Lawrence PATTERSON
v.
LIBERTY LLOYDS INSURANCE COMPANY, et al.
No. 96-CA-2168.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1997.
Robert J. Bruno, Amy Yenari, Bruno & Bruno, New Orleans, for Appellee.
Sidney W. Degan, III, R. Edward Blanchard, Degan, Blanchard & Nash, New Orleans, for Appellants.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Defendant, Louisiana Insurance Guaranty Association ("LIGA"), appeals a trial court judgment in favor of plaintiff, Lawrence Patterson. There are two issues in this case. First, whether the "change of residence" or "principally garaged" exclusion in plaintiff's auto policy is applicable, and second, whether plaintiff was required to notify his insurer of the lawsuit filed against him. We affirm.
In July, 1989, plaintiff was living in Covington, Louisiana where he had resided for approximately six months. He had a Louisiana driver's license and owned a Toyota Tercel automobile which was registered in Louisiana. In August, 1989, plaintiff procured *18 automobile insurance with Liberty Lloyds Insurance Company through the Louisiana Automotive Insurance Agency. The policy lists plaintiff's Covington, Louisiana address.
In late August, 1989, plaintiff was contacted by the head of the service department of C & C Mechanical, his employer for the previous two years, and was asked to try a new position in the company's Nashville, Tennessee office on an experimental basis. He was told that if he did not like the job, he could return to Louisiana to work on another company project. Plaintiff agreed to try the position and was given between thirty and sixty days from the time he started in which to make a final decision. Plaintiff testified that he contacted Louisiana Automotive to be sure that he would have insurance coverage if he took his car to Tennessee. According to plaintiff, he was told that coverage would be provided as long as he did not establish residency in Tennessee. Vickie Breaux, a representative of Louisiana Automotive who handled plaintiff's account, denied that this conversation took place and claimed that Louisiana Automotive was not notified by plaintiff about his intention to take his car out of Louisiana.
Plaintiff departed for Tennessee in late September, 1989 with his brother. They rode in the brother's vehicle. Plaintiff left his vehicle in Louisiana. He testified that after approximately two weeks in the new position, he decided he did not like the job and did not intend to stay. He claims that he told several people that he intended to leave and return to Louisiana.
On October 14, 1989, plaintiff's father brought his car to him in Tennessee. On October 17, 1989, plaintiff was involved in an automobile accident in Tennessee in which his vehicle rear-ended another vehicle. It is undisputed that plaintiff notified his insurer about the accident on the same day that it occurred. Plaintiff had his vehicle towed and stored while he awaited payment of his claim by Liberty Lloyds. After several unsuccessful attempts to contact Liberty Lloyds about the delay in processing his claim, plaintiff learned that Liberty Lloyds needed a copy of the accident report and a statement about the claim. He sent these items to Liberty Lloyds on December 6, 1989. In a letter dated December 26, 1989, plaintiff was informed that his claim was being denied for the reason that the vehicle was principally garaged in Nashville, Tennessee. The letter stated that the plaintiff's policy excludes the principal garaging of a vehicle outside of the Louisiana area for more than a two week period of time. Plaintiff denied that his vehicle was principally garaged in Tennessee and claims that he repeatedly communicated this fact to Liberty Lloyds.
A week after the accident, plaintiff told his employer that he was not going to stay in Tennessee and was going to return to Louisiana. However, he stated that he remained in Tennessee until late January, 1990 because he had no transportation and his wrecked car was still in storage there.
Several months after the denial of his claim by Liberty Lloyds, plaintiff was served with a copy of a Tennessee lawsuit in which he was being sued for damages arising out of the October 17, 1989 accident. Plaintiff admitted that he did not notify either Louisiana Automotive or Liberty Lloyds about the Tennessee lawsuit because Liberty Lloyds had already denied his claim. Judgment was rendered against him in that lawsuit in the amount of $4,106.24.
Plaintiff filed the instant suit against Liberty Lloyds, Louisiana Automotive and two employees of Louisiana Automotive. He subsequently dismissed his claims against all defendants except Liberty Lloyds. On May 17, 1993, Liberty Lloyds was declared insolvent and LIGA was substituted as a defendant. The trial judge awarded plaintiff the amount of $13,565.61 plus interest and costs representing $3,887.98 in property damages, $5,571.39 for automobile storage fees and $4,106.24 for the judgment rendered against him in Tennessee.
On appeal, LIGA first argues that the trial court erred in finding that plaintiff did not change his residence to Tennessee prior to the accident. We disagree. Although we find ample evidence in the record to support that factual conclusion, we rely on our interpretation of the exclusionary clause to conclude *19 that it is simply inapplicable in this case.
The clause relied on by LIGA provides as follows:
18. Change of residence. When we receive notice that the location of the principal garaging of the vehicle described on the declaration page has been changed, we have the right to recalculate the premium based on the coverages and rates applicable in the new location. When the change of location is from this state to another, the policy will be canceled effective two weeks after the arrival at the new residence. The word "state" means on of the United State of America, the District of Columbia or a Providence of Canada.
The most sensible interpretation of the above clause is that the first sentence applies to an intrastate change of residence accompanied by a change in the principal garaging of the insured vehicle, while the second sentence applies to an interstate change of residence accompanied by a change of vehicle location. In the first instance, the insurer has the right to recalculate the premium, while in the second instance, the policy is cancelled within two weeks after "arrival at the new residence". That phrase can only mean "arrival of the vehicle" at the new residence since the entire exclusionary clause deals with the location of the vehicle. The subject matter of the first sentence, i.e. location of the vehicle, must be read into the provisions of the second sentence. Thus, assuming arguendo that plaintiff did in fact establish a new residence in Tennessee, it is undisputed that the accident occurred three days after his vehicle arrived and therefore the policy was still in effect. LIGA's reliance on the above clause is in error.
LIGA also argues the trial court erred in not excluding coverage because of plaintiff's failure to notify Liberty Lloyds of the lawsuit filed against him in Tennessee. The policy provides that:
If a claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
Plaintiff admitted that he did not notify Liberty Lloyds of the lawsuit against him because his claim for property damages, submitted several months earlier, had been denied. However, the trial court found that Liberty Lloyds had received notice that plaintiff was at fault in an accident involving three other cars all which were damaged. The court concluded that based on their knowledge of the accident, it certainly was foreseeable that any one of the potential claimants would sue plaintiff and/or Liberty Lloyds thus satisfying any notice requirement. That conclusion is supported by the evidence.
In addition, when an insurer denies liability for a claim, it abandons its right to compel the claimant to comply with the preliminary provisions of the policy such as notice or proof of loss because either would be a vain or useless act. See, Benoit v. American Mutual Insurance Co. of Boston, 236 So.2d 674 (La.App. 3 Cir.1970), writ refused, 256 La. 874, 239 So.2d 366 (1970); See also Tracy v. Travelers Insurance Companies, 594 So.2d 541 (La.App. 5 Cir.1992), writ denied, 596 So.2d 212 (La.1992). Because plaintiff was served with the Tennessee lawsuit several months after Liberty Lloyds denied his claim, he was under no obligation to notify it of the lawsuit.
For the above and foregoing reasons, the trial court judgment is affirmed.
AFFIRMED.