787 So.2d 381 (2001)
Wiley J. BEEVERS, PLC
v.
Kathleen BURMASTER and The Unopened Succession of Earl D. Becnel.
No. 00-CA-1951.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
*382 Melvin J. Burmaster, Gelpi & Associates, New Orleans, LA, Attorney for Appellant Melvin J. Burmaster.
Wiley J. Beevers, LSBA, Raylyn R. Beevers, LSBA, Bernard M. Plaia, LSBA, Gretna, LA, Attorneys for Appellee Wiley J. Beevers, PLC.
Panel composed of Judges DUFRESNE, CANNELLA and ROTHSCHILD.
CANNELLA, Judge.
Defendant, Kathleen Becnel Burmaster (Burmaster), appeals from the confirmation of a default judgment against Defendants, Burmaster and "the Unopened Succession of Earl D. Becnel," in a suit on open account filed by Plaintiff, Wiley J. Beevers, PLC, for legal services rendered on behalf of Earl D. Becnel prior to his death. For the reasons which follow, we vacate the judgment and remand.
On July 21, 1997, Plaintiff brought suit against Burmaster for legal services which Plaintiff had rendered in a domestic dispute on behalf of Burmaster's father, Earl D. Becnel. Plaintiff alleged that Burmaster had "indicated" that she would be responsible for the legal fees incurred on behalf of her father. Further, Plaintiff asserted that demand was made more than fifteen days prior to the filing of the petition and that payment had not been made. Evidence of the open account, indicating services and charges, was attached to the petition.[1]
*383 Burmaster filed an exception of lack of joinder of an indispensable party, her father, the person for whom Plaintiff did the legal work. Burmaster alleged that the particulars of the open account provided that Earl D. Becnel was the client and that there was no evidence of a contract between her and Plaintiff. Moreover, Burmaster alleged that any actions which she took were on behalf of her father, pursuant to a written mandate, of which Plaintiff was aware and for which she is not personally liable. Therefore, she argued that her father was an indispensable party to the lawsuit.
Following a hearing on the exception, the trial court granted the exception of Burmaster, finding that her father was "an indispensable party" to the suit on open account for legal services. Although the written judgment seems to have gone beyond the oral ruling, the judgment was signed by the trial judge, ordering Plaintiff to amend his petition within fifteen days, adding Earl D. Becnel as a party, and requiring service of process on the new defendant within the same fifteen day period.
Plaintiff filed his first amended petition on December 1, 1997, naming the Succession of Earl D. Becnel, who was now deceased, as a Defendant in the action. The amended petition was served on Burmaster through her attorney. However, the notation on the petition for service on the Succession of Earl D. Becnel provided: "Please hold service, service instructions to follow." No service was subsequently made on the Succession of Earl D. Becnel.
Thus, on December 15, 1997, pursuant to the November 13, 1997 written judgment requiring amendment and service of the petition within 15 days, Burmaster filed a Motion and Order for Dismissal of Petition with Prejudice. Burmaster also filed a request for an extension of time within which to answer the petition pending the outcome of the motion to dismiss. Following a hearing on the Motion to Dismiss, the trial court on February 9, 1998 denied the motion, ruling "the Court finds that plaintiff complied with the order of this Court by filing its First Amended Petition on December 1, 1997."
On February 18, 1998, Burmaster filed a Motion to Reconsider Judgment and a Declinatory Exception of Improper Venue. On April 16, 1998, the trial court denied both exceptions. The record before us indicates no further action in the case until February 29, 2000, when Plaintiff filed a Motion for a Preliminary Default against Burmaster only. A Preliminary Default was entered on February 29, 2000, against both Burmaster and the Estate of Earl D. Becnel. Thereafter, on September 18, 2000, a judgment confirming the default was entered by the trial court against both Burmaster and the Estate of Earl D. Becnel. It is from this judgment that Burmaster appeals.
On appeal, Burmaster argues that the default judgment is an absolute nullity because the Estate of Earl D. Becnel, a party ruled indispensable by the trial court, was never cited and served with the petition in this case. Absent that service, any default judgment rendered against her is an absolute nullity.
In response, Plaintiff argues that the trial court erred in ruling favorably on Burmaster's exception that the Succession of Earl D. Becnel was an indispensable party. Plaintiff argues that since Earl D. Becnel had died and his succession had not *384 been opened, the trial court put Plaintiff in the "untenable" position of having to add the Succession of Earl D. Becnel as a party but, because the succession was unopened, it was impossible to serve the party. Further, Plaintiff argues that any defects in service that might have existed have been cured because, following the default judgment but prior to the confirmation of the default, Plaintiff had himself appointed provisional administrator of the succession of Earl D. Becnel.
The issue of service requirements is addressed in La. C.C.P. art.1201 in the following pertinent part:
A. Citation and service thereof are essential in all civil actions.... Without them all proceedings are absolutely null.
Proper citation is the cornerstone of all actions. Rivers v. Groth Corp., 95-2509 (La.App. 1st Cir.9/27/96), 680 So.2d 762, 763. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. Rivers v. Groth Corp., supra; Scullin on Behalf of American Companies v. Prudential Insurance Company of America, 421 So.2d 470, 472 (La.App. 4th Cir. 1982).
La. C.C.P. art. 641 and 642 were amended in 1995, replacing the formal classification of parties as necessary or indispensable with a set of factors to be considered in determining whether a party should be joined and whether the action could proceed if the party could not be joined. See La. C.C.P. art. 641 & 642 and the 1995 comments thereto. Prior to the 1995 amendment to article 641, "indispensable party," was defined therein as "[t]hose whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action." Former article 641 further provided that "[n]o adjudication of an action can be made unless all indispensable parties are joined therein." Presumably, the trial court's finding in this case that the Succession of Earl D. Becnel was an "indispensable party" meant that the trial court concluded that no adjudication of the action could be made unless the succession was joined as a party.
La. C.C.P. art. 1702, addressing the proof required for confirmation of a default judgment, provides in pertinent part:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
A prima facie case sufficient to confirm a default judgment is established only when the party proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied. Bennett v. Bennett, 97-1150 (La.App. 5th Cir.7/28/98), 716 So.2d 454; Fridge v. Sampognaro, 97-240 (La.App. 5th Cir.9/30/97), 700 So.2d 1090.
Applying these precepts to the facts of the instant case as presented in the record before us, we find that the September 18, 2000 judgment, confirming the default judgment against Burmaster and the Succession of Earl D. Becnel, holding both liable to Plaintiff in solido must be vacated and set aside as an absolute nullity. There is no evidence in this record that the Succession of Earl D. Becnel was ever cited and served with the petition. As a matter of fact, Plaintiff does not argue to the contrary. The Succession of Earl D. Becnel, although ruled by the trial court to be an indispensable party, and ordered to be added as a party by supplemental petition, was never served. The supplemental petition itself requests that service be held. Further, the motion for the preliminary *385 default judgment does not name the Succession of Earl D. Becnel. Yet, the judgment was rendered against this party who was not served with the petition or named in the motion for the preliminary default. Absent citation and service of the petition on the party cast in judgment, the default judgment is an absolute nullity.
Plaintiff argues that he was placed in an impossible position by the trial court when it ruled that the Succession of Earl D. Becnel was an indispensable party, because the succession had not been opened and therefore there was no one to serve. While we agree that Plaintiff's position was difficult, we find no legal support for concluding that service was thereby deemed unnecessary. Further there are procedures by which a creditor can move to have a succession opened or can move to have an attorney appointed to represent a deceased person where no succession representative has been appointed. La. C.C.P. art. 5051.[2] Further, while Plaintiff takes issue with the propriety of the judgment finding that the succession was an indispensable party, he did nothing to have the ruling set aside. As such, it was the outstanding ruling in the case upon which Burmaster could rely unless or until it was set aside.
Accordingly, for the reasons set forth above, the default judgment entered against Burmaster and the Unopened Succession of Earl D. Becnel is vacated and the case is remanded to the district court for further proceedings.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] We note that the exhibits and documentation attached to the petition and motion for default judgment and confirmation of the default, do not establish a prima facie case to support the default judgment, that is, proof with competent evidence of the essential allegations of the petition as fully as if each of the allegations were specifically denied. Absent from the evidence is any proof of an account between Plaintiff and Burmaster. The documentation of the account balance evidences an account with Earl D. Becnel and legal services rendered on his behalf. The balance sheets were addressed to Earl D. Becnel and marked "Attn: Earl Becnel, Sr." although they were mailed "C/O" Kathleen Burmaster. It is only evidence of where the bills were mailed (the address of Kathleen Burmaster). It is insufficient evidence of an open account between Plaintiff and Burmaster. Also, there is no evidence that demand was made on Earl D. Becnel or his succession.
[2] Based on Plaintiff's brief, it appears that Plaintiff has dealt with the unopened succession, as he asserted that he had himself named as provisional administrator of the succession, however untimely as to the case before us.