STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-925

GEORGE GRAHAM

VERSUS

LEE PAYNE, JR.

**********
APPEAL FROM THE
NATCHITOCHES CITY COURT
PARISH OF NATCHITOCHES, NO. 21,886
HONORABLE FRED S. GAHAGAN, CITY COURT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and Glenn B. Gremillion, Judges.

**AFFIRMED IN PART AND VACATED IN PART.**

Gary T. Breedlove
Cimini & Associates
110 Veterans Memorial Blvd., Suite 222
Metairie, LA 70005-4933
(504) 828-6870
Counsel for Defendant/Appellant:
    National Automotive Insurance Co.

**Charles R. Whitehead, Jr.**
**Whitehead Law Offices**
**P. O. Box 697**
**Natchitoches, LA 71458-0697**
**(318) 352-6481**
**Counsel for Plaintiff/Appellee:**
  **George Graham**

GREMILLION, Judge.

In this case, the defendant's insurer, National Automotive Insurance Company, appeals the declaratory judgment entered against it in favor of the plaintiff, George Graham. For the following reasons, we affirm in part, reverse in part, and vacate in part the judgment against National.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2004, Graham filed a suit for property damages amounting to $1,504.34, naming only Lee Payne, Jr. as a defendant. It is undisputed that Payne ran into Graham's parked car on Hedges Street in Nathchitoches, Louisiana.

In June 2004, the trial court rendered a default judgment against Payne only in the amount of $1,504.34, plus legal interest. A notice of judgment in the record indicates that only Payne was notified of the judgment.

In July 2004, Graham filed a petition for declaratory judgment naming National as the defendant and claiming that he is entitled to payment under an insurance policy that was in effect on the day of the accident. National answered, admitting the existence of the policy, but pleading lack of notice as an affirmative defense. National further averred that Payne was obligated to notify it of any claim or lawsuit which may have been served, and that the first notice it received was on July 7, 2004, after judgment had been rendered.

In May 2005, the trial court issued its judgment finding that National owed Graham $1,504.35. National now appeals.

1

# DISCUSSION

Both Graham and National entered into a joint stipulation of facts including:

## I.

National's first notice of this claim was on March 31, 2003. Thereafter, National's adjuster made several attempts to contact Mr. Payne at his last known address. The claim file confirms that letters were sent to Mr. Payne on April 2, April 21 and then again on May 12, 2003 which was sent by certified return receipt mail.

## II.

There was no response from Mr. Payne to National's letters even though the envelope and green card from the postal service was returned and noted that the last letter was "unclaimed."

## III.

National advised Mr. Graham of these efforts on May 28, 2003. National's adjuster sent Mr. Graham the letter of May 28, 2003 in which the claim was denied until she could obtain acknowledgment of the accident from the insured.

## IV.

Mr. Graham then filed his suit on or about February 1, 2004. The suit named Lee Payne, Jr. only and Mr. Payne was served with the Petition on February 20, 2004.

## V.

There was no contact with the insured, nor was there any notice to National until thirteen (13) months later when National received the letter from Mr. Whitehead enclosing a certified copy of the Petition and Judgment.

## VI.

National did not assign an outside investigator to make contact with Lee Payne, Jr. After being notified by George Graham about this accident.

2

VII.

Despite being served with the suit, Mr. Payne did not notify National that he had been served. Accordingly, Judgment by default was rendered on June 3, 2004.

VIII.

The first notice of the Judgment rendered by this court was provided by Mr. Whitehead's letter of July 2, 2004 which was received by National on July 7, 2004 after the times for appeal had expired.

The trial court, in its written reasons for judgment, found:

In order for National to be relieved of liability, it has the burden to prove that it was prejudiced by its insured's failure to notify it of the lawsuit. This proof must be "clear and convincing" evidence of prejudice (Patterson v. Liberty Lloyds, 692 So.2d 17, La. App 4th Cir., 1997). National has failed to meet this burden. The facts surrounding the claim are as a simple as can be. Mr. Payne struck Mr. Graham's automobile, while it was lawfully parked. There can be no dispute as to liability.

The ruling of the Court is that National is responsible to pay the judgment rendered against its insured, Lee Payne, Jr.

Graham characterizes the issue as whether or not a policy of insurance was in effect on behalf of Payne. However, that is not the issue. The issue is whether National was given appropriate notice under the law of a claim against them. We find it was not and that National's affirmative defense of no prior notice is valid.

This situation could have been avoided had Graham named National as a defendant in the lawsuit and served them as well as Payne, particularly considering Payne's past lack of involvement in his affairs. Although National provides a policy of insurance for Payne, it still has the right to defend itself against actions brought against its insured. It is a tenet of the law that a defendant must receive service of citation and failure to do so will result in an absolute nullity. La.Code Civ.P. art.

3

1201. Actual knowledge does not replace the need for strict compliance with this article. *See Rivers v. Groth Corp.*, 95-2509 (La.App. 1 Cir. 9/27/96), 680 So.2d 762. Failure to name the defendant in the lawsuit does not circumvent this requirement.

A similar result was reached in *Haynes v. New Orleans Archdiocesan Cemeteries,* 01-261 (La.App. 4 Cir. 12/19/01), 805 So.2d 320, *writ denied*, 02-0624 (La. 4/26/02), 814 So.2d 565. The defendant failed to notify its insurer, Allstate, of a suit against her until after a default judgment was rendered and the delays for taking an appeal had expired. The appellate court found that:

> Clearly, [the defendant's] delay in notifying Allstate of the suit and default judgment against her prevented Allstate from defending the suit and/or filing an appeal. Thus, Allstate satisfied its burden of proving prejudice from [the defendant's] failure to comply with the notice provisions of the insurance policy.

*Id.* at 324.

Moreover, although Allstate in *Haynes* had defended a different insured in the same lawsuit, it had no duty to investigate whether the other named defendants were its insureds. Accordingly, we find that the affirmative defense of lack of notice is valid. Although National knew about the accident, they did not know a lawsuit had been filed against Payne and they had not been served. It is undisputed that neither Graham nor Payne notified National that the original lawsuit had been filed. The first notice National received was of the Petition for Declaratory Judgment alleging a money judgment against them in favor of Graham. This notice is simply insufficient under the law. The portion of the declaratory judgment stating that Payne was insured is affirmed as admitted by National in its Answer to Declaratory Judgment. However,

4

the remainder of the judgment is absolutely null for failure to properly notify National in the original lawsuit of a claim against it.

## CONCLUSION

The portion of the declaratory judgment casting a money judgment against the defendant-appellant, National Automotive Insurance Company, is absolutely null. All costs of this appeal are assessed against the plaintiff-appellee, George Graham.

**AFFIRMED IN PART AND VACATED IN PART.**