FREDERICKA HOMBERG WICKER, Judge.
 

 |2In this proceeding concerning an alleged contract for services, defendant/appellant U.S. Land Title, LLC (“U.S.Land”)
 
 *461
 
 appeals a judgment confirming a judgment of default and a related judgment denying its motion for new trial. On June 25, 2008, based on the defendant’s failure to file a timely answer, the trial judge confirmed a preliminary default in favor of plaintiff/ap-pellee Punctual Abstract Co., Inc. (“Punctual”) in the sum of $71,921.50 and attorney’s fees. On appeal, U.S. Land argues that the trial judge erred in confirming the preliminary default for these reasons: (1) U.S. Land was not properly served under the Louisiana long-arm statute; (2) the evidence was insufficient to establish a pri-ma facie case. Alternatively, U.S. Land argues that the trial judge erred in awarding attorney’s fees in the absence of proof of a contract. U.S. Land additionally argues that the trial judge erred in denying its motion for new trial. Finding that the evidence was insufficient to establish a pri-ma facie case, we reverse the judgment confirming the default and remand for | .-¡further proceedings consistent with this opinion. The remaining specifications of error are rendered moot by the rendition of this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 The parties do not dispute that U.S. Land is a real estate services provider headquartered in Marietta, Georgia and incorporated under Georgia law. It is undisputed that Punctual is a Louisiana corporation.
 

 On June 12, 2007, Punctual filed a Petition. In the Petition, U.S. Land contended that it entered into a contract with Punctual in 2006 wherein Punctual agreed to perform title services for U.S. Land. Punctual contended that U.S. Land had refused to pay it for title services performed pursuant to the 2006 contract. Punctual additionally contended that U.S. Land was “justly and truly indebted [to it] in the full principal sum of $71,921.50 together with legal interest thereon from date of judicial demand and for a reasonable attorney fee set at 25% on the principal and interest and for all costs of these proceedings.” Punctual additionally contended that it had “made repeated amicable demand upon defendant for payment, to no avail.” Punctual attached to the Petition a demand letter dated May 24, 2007 and addressed to “U.S. Land Title.” In addition, Punctual attached a lengthy list of title services that Punctual had allegedly performed for U.S. Land to the Petition.
 

 The record also contains an affidavit of service executed by Punctual’s former counsel averring that he mailed a certified copy of the Petition “properly addressed to the defendant, U.L. [sic] Land Title, 4875 Olde Town Pkwy, Suite 50, Marietta, GA 30068.” An attached signed receipt shows that on June 27, 2007, one “Rose Hidlay” received and signed for the Petition.
 

 U.S. Land never filed answer to the Petition. On August 16, 2007, the trial court entered a preliminary default judgment against U.S. Land. On June 25, 2008, |4the trial court confirmed the default judgment in favor of Punctual. The trial court granted judgment as prayed for, legal interest from the date of judicial demand, and attorney’s fee on 25% of principal and interest due. The June 25, 2008 judgment indicated that the trial court considered the “law and the evidence to be in favor of the plaintiff, for the reasons orally assigned.” However, there are no transcribed oral reasons contained in the record. The minute entry for that day indicates that the confirmation of the default did not take place in open court before a court reporter.
 

 U.S. Land filed timely Motion for New Trial seeking to nullify the default judgment on the basis of insufficient service of process. U.S. Land also argued that there was insufficient evidence to maintain the judgment and the award of attorneys’ fees
 
 *462
 
 was improper. In a supplemental memorandum, U.S. Land attached Reta S. Hampton’s affidavit wherein Ms. Hampton averred the following:
 

 She is the chief executive officer of U.S. Land and the only person authorized to accept service of lawsuits against U.S. Land. She never received a copy of the Petition via certified mail. The company has a procedure in place for directing mail concerning lawsuits to her attention. Ms. Rose Hidley, a receptionist for U.S. Land, signs for all mail.
 
 [1]
 
 Then, non-ordinary matters are directed to the vice-president of Accounting and Resources. If the non-ordinary matter concerns a lawsuit, it is immediately sent to Ms. Hampton. Ms. Hampton averred that the first notice she had of the lawsuit was notice of the confirmation of a default judgment that was sent by certified mail on July 2, 2008. Her failure to receive notice of the preliminary default was due to administrative inadvertence.
 

 The Motion for New Trial was heard on September 11, 2008. The trial court signed a judgment denying the Motion for New Trial on September 15, 2008. This timely appeal followed.
 

 MOTION FOR NEW TRIAL
 

 Before addressing the merits of the specifications of error, we note that we must pretermit consideration of the denial of the Motion for New Trial. Denial of motion for new trial is an interlocutory and non-appealable judgment.
 
 Roger v. Roger,
 
 99-765 (La.App. 5 Cir. 1/12/00), 751 So.2d 354, 356;
 
 McCain v. Howell,
 
 2006-1830 (La.App. 1 Cir. 9/14/07), 971 So.2d 323, n. 1. The Louisiana Supreme Court has instructed the courts of appeal to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits when it is clear from the appellant’s brief that he intended to appeal the merits of the case.
 
 See, e.g., Shultz v. Shultz,
 
 2002-2534, p. 3 (La.App. 1 Cir. 11/7/03), 867 So.2d 745, 746-747 (quoting
 
 Carpenter v. Hannan,
 
 2001-0467, p. 4 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229,
 
 writ de
 
 nied; 2002-1707 (La.10/25/02), 827 So.2d 1153). It is obvious from U.S. Land’s brief that it intended to appeal the June 25, 2008 default judgment on the merits. Thus, we will treat the appeal accordingly.
 

 SERVICE OF PROCESS
 

 In its first specification of error, U.S. Land contends that the trial court erred in confirming the default judgment because it had not been properly served with the Petition. More specifically, U.S. Land contends that Punctual did not serve its designated agent for service pursuant to La. C.C.P. art. 1261 and La. R.S. 13:3201 et seq.
 

 Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under La. C.C. art. 102, and proceedings under the Children’s Code. La. C.C.P. art. 1201(A). Without them all proceedings are absolutely null.
 
 Id.
 
 A return of citation is prima facie evidence of service. La. C.C.P. art. 1292. Without valid citation and service of process, “the court does not have jurisdiction over the person of the defendant.”
 
 In re: Justice of Peace Landry,
 
 01-657, p. 9 (La.6/29/01), 789 So.2d 1271, 1277.
 

 |fiLa. R.S. 13:3201, the Louisiana long-arm statute, provides circumstances under which a Louisiana court may exercise personal jurisdiction over a nonresident defendant. La. R.S. 13:3201 provides, in pertinent part:
 

 
 *463
 
 A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
 

 (1) Transacting any business in this state.
 

 (2) Contracting to supply services or things in this state.
 

 [[Image here]]
 

 B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
 

 La. R.S. 13:3201
 

 A “nonresident” corporation for the purposes of La. R.S. 13:3201 is a foreign corporation not licensed to do business in Louisiana. La. R.S. 13:3206. Nonresident corporations may be served either by mail or by personal service. La. R.S. 13:3204(A). To effect mailed service, the plaintiff must send to the defendant, by registered or certified mail, a certified copy of the citation and of the petition in the suit.
 
 Id.
 

 La. C.C.P. art. 1261 provides, in pertinent part:
 

 A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
 

 B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
 

 (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
 

 (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
 

 |7(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.
 

 Thus, under La. C.C.P. art. 1261, service of process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process. If the corporation has failed to designate an agent or if the designated agent has died, resigned or been removed, then service may be made “at any place where the business of the corporation is regularly conducted,” either by personal service on any officer, director or resident agent or by personal service on “any employee of suitable age and discretion.”
 

 In the instant case, the record indicates that U.S. Land does not have an agent for service for process
 
 in Louisiana.
 
 At the hearing on the Motion for New Trial, counsel for U.S. Land argued that service was improper because it was not addressed to Ms. Hampton, U.S. Land’s ostensible agent for service of process. However, Punctual established that U.S. Land is not listed in the Louisiana secretary of state’s corporations database.
 
 [2]
 
 In
 
 *464
 
 addition, Ms. Hampton’s affidavit indicates that she is domiciled in Cobb County, Georgia. Foreign corporations authorized to do business in Louisiana are required to maintain an agent for service of process “in this state.” La. R.S. 12:308(A). Ms. Hampton is not a registered agent for service of process in Louisiana. Accordingly, Punctual was entitled to effectuate personal service of the Petition on any of U.S. Land’s employees of suitable age and discretion pursuant to La. C.C.P. art. 1261(B)(2).
 

 | ¡¡Counsel for Punctual mailed the Petition to U.S. Land via certified mail on June 25, 2007. The Petition was addressed to “U.S. Land Title, 4875 Olde Town Pkwy, Suite 50, Marietta, GA 30068.” Rose Hidlay received and signed for the Petition on June 27, 2007. According to Ms. Hampton’s affidavit, Ms. Hilday is a receptionist at U.S. Land who receives and signs for many documents. Thus, service in the instant case was proper under La. C.C.P. art. 1261(B)(2).
 

 This specification of error is without merit.
 

 CONFIRMATION OF DEFAULT
 

 In its second specification of error, U.S. Land contends that the trial court erred in confirming the default judgment because Punctual “failed to establish a
 
 prima facie
 
 case that it was entitled to the relief it demanded” as required by La. C.C.P. art. 1702. We agree.
 

 La. C.C.P. art. 1702 A provides that “[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. La. C.C.P. art. 1702(B)(3). The formula used most often by courts throughout Louisiana in defining the standard of proof necessary to confirm a default judgment is proof with competent evidence of the essential elements of the petition as fully as if each of the allegations were specifically denied.
 
 See, e.g., Beevers v. Burmaster,
 
 00-1951 (La.App. 5 Cir. 4/11/01), 787 So.2d 381, 384. Put differently, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposing party.
 
 Hall v. Folger Coffee Co.,
 
 02-0920 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.
 
 Schaff v. Cardinal Services, Inc.,
 
 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280;
 
 writ denied
 
 2001-1035 (La.6/1/01) 793 So.2d 196 (citing
 
 Thibodeaux v. Burton,
 
 538 So.2d 1001, 1004 (La.1989)). A presumption exists that a default judgment is supported by sufficient evidence, however, that presumption can be overcome when the record upon which the judgment is rendered does not support it.
 
 Sessions & Fishman v. Liquid Air Corp.,
 
 616 So.2d 1254, 1258
 
 *465
 
 (La.1993);
 
 Ascension Builders, Inc. v. Jumonville,
 
 262 La. 519, 263 So.2d 875, 878 (1972). In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.
 
 Arias v. Stolthaven New Orleans, L.L.C.,
 
 2008-1111 (La.5/5/09), 9 So.3d 815, 818. This determination is a factual one governed by the manifest error standard of review.
 
 Id.
 

 Punctual did not submit sufficient proof of the demand to establish a prima facie case as required by La. C.C.P. art. 1702(A). In the Petition, Punctual alleged that it had entered into a contract with Punctual wherein Punctual had agreed to perform title services for U.S. Land. Punctual attached two documents to the Petition; a list of title services that Punctual had allegedly performed for U.S. Land and a demand letter of May 24, 2007 addressed to U.S. Land. There is no contract between U.S. Land and Punctual contained in the record. There are no affidavits in the record from Punctual employees averring that U.S. Land was indebted to Punctual. While Punctual alleges that an affidavit of correctness was filed with the district court, no such document appears in the record before us. Evidence not offered and introduced into evidence cannot be considered on appeal.
 
 Ray Brandt Nissan v. Gurvich,
 
 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476.
 

 We must assume that U.S. Land would have filed an Answer to the Petition and specifically denied that it had entered into a contract with Punctual.
 
 Beevers,
 
 787 So.2d at 384. By not including a copy of the contract between itself and U.S. Land, Punctual did not provide the Court with proof of the “essential elements of the petition.”
 
 Id.
 
 Consequently, Punctual did not sustain the standard of proof necessary to confirm a default judgment.
 
 See also Ventola v. Hall,
 
 03-9703 (La.App. 5 Cir. 11/12/03), 861 So.2d 677, 680 (default judgment against insurer was improper when insured failed to introduce insurance contract into the record);
 
 Camel v. Harmon,
 
 2004-1437 (La.App. 3 Cir. 3/2/05), 896 So.2d 1253, 1255-56 (default judgment obtained by homebuyer was improper because homebuyer failed to introduce Act of Cash Sale and “as is” waiver into the record).
 

 Punctual did not establish the elements of a prima facie case pursuant to La. C.C.P. art. 1702(A). Accordingly, we find that the trial court was manifestly erroneous in confirming the default judgment in favor of Punctual. We therefore reverse the June 25, 2008 judgment.
 

 Because we find that the June 25, 2008 judgment must be reversed, the remaining specification of error is moot.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the June 25, 2008 default judgment is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal to be assessed to Punctual. All other costs to await final determination of the cause.
 

 REVERSED; REMANDED.
 

 [1]
 

 . In the affidavit, Ms. Hampton refers to Ms. Hilday as “Rose Hidley.”
 

 [2]
 

 . At the time U.S. Land filed the Petition, an entity known as "U.S. Land Title of Louisiana, L.L.C.” had a designated agent for service of process in Louisiana. In the memorandum accompanying the Motion for New Trial, counsel for U.S. Land argued that service was deficient because Punctual did not serve U.S. Land Title of Louisiana, L.L.C.’s
 
 *464
 
 agent for service of process. However, at the hearing on the Motion, counsel for U.S. Land did not argue that service was deficient because Punctual did not serve U.S. Land Title of Louisiana, L.L.C.'s agent for service of process. Rather, counsel for U.S. Land argued that U.S. Land “is a Georgia limited liability company” and that service was deficient because Punctual did not serve Ms. Hampton. Similarly, in his brief to this Court, counsel for U.S. Land only contends that service was deficient because Punctual did not serve Ms. Hampton. Thus, there seems to be no dispute in the instant case that Punctual dealt solely with U.S. Land rather than U.S. Land Title of Louisiana, L.L.C.
 

 In addition, we note that counsel for U.S. Land did not brief U.S. Land's earlier contention that service was not perfected because Punctual did not serve U.S. Land Title of Louisiana, L.L.C.’s agent for service of process. U.S. Land has therefore abandoned the argument. Rule 2-12.4, Uniform Rules, Courts of Appeal.