McClendon, j.
IgA property owner appeals a judgment dismissing his petition to nullify a condemnation order for his property, which was severely damaged by Hurricane Katrina in 2005. For the following reasons, we reverse the trial court’s judgment and grant the property owner’s petition for nullity,
FACTS AND PROCEDURAL HISTORY
Fred Kron owns the property in question, a house located at 3062 South Palm *23 Drive in Slidell, Louisiana. On August 30, 2006, the City of Slidell sent two letters to Mr. Kron, informing him that his property was identified as being in a dilapidated and dangerous condition that endangered the public welfare. The letters, which were sent via both regular and certified mail to two different Slidell addresses, required Mr. Kron to appear and show cause, at a hearing set for September 26, 2006, why the structure on the property should not be condemned and demolished. However, the letters were returned to the City with the notations “Return, to Sender,” “Unclaimed,” and “Unable to Forward.” Mr. Kron did not appear at the September 26, 2006 condemnation hearing.
Because Mr. Kron did not appear at the September 26, 2006 hearing, the City set a second condemnation hearing for March 27, 2007. On January 26, '2007, the City contacted a private process server in California, where Mr. Efron was residing for periods of time, in order to serve him with a notice of the second condemnation hearing. However, the private process server never served process on Mr. Kron. Rather, on February 13, 2007, Mr. Kron, after learning that there was an issue with his property, appeared at the office of the city attorney, Timothy Mathison. Mr. Mathi-son presented Mr. Kron with the notice of the March 27, 2007 condemnation hearing.[1]
Prior to the condemnation hearing, on March 19, 2007, the Director of Permits for the City inspected the subject property and found the property was in dilapidated condition and was not being maintained. The report was presented to |sthe Slidell City Council at the March 27,. 2007 hearing,[2] and the Council voted in favor of condemning the property and ordered Mr. Efron to demolish the house -within fifteen days. .Mr. Kron was not present at the heading, nor, , did he have a representative attend on his behalf. The Council President signed the “Decision on Condemnation,” and a copy was sent to..Mr. Kron’s California address by a letter dated April 12, 2007. It is unclear whether Mr. Kron received the April 12, 2007 letter.
■ On December 8, 2008, Mr. Kron filed a “Petition to Nullify Condemnation Order,” alleging that he was not properly served with notice of the March 27, 2007 condemnation hearing such that the condemnation order was therefore a nullity and should be set aside.
In its answer, the City alleged that Mr. Kron was personally served by the City Attorney on February 13, 2007, and notified that the hearing date of March 27, 2007, would be maintained. The City also filed an exception raising the objection of prescription, asserting that Mr. Kron failed to appeal the Council’s order within 6 days as required by LSA-R.S. 33:4763[3] and that his claims had prescribed.
Following a hearing, .the trial court concluded that personal service on Mr. Kron by the City Attorney was valid service. The trial court also .concluded that Mr. Kron’s petition to nullify the condemnation order was not timely filed and • sustained the City’s, peremptory exception raising the'objection of prescription. . On August 27, 2014, the trial court signed, a written *24 judgment in accord with its ruling in open court.
Mr. Kron has appealed, asserting that i([t]he trial court erred in its judgment that the handing of the notice of condemnation to appellant by the' Slidell City | ¿Attorney satisfied the requirements of La. R.S. 33:4762 and was compliant with the essential elements of procedural due process.”
DISCUSSION
Although both’ parties • reference an amended version of LSA-R.S. 33:4762, the version in effect at the time the City sought to serve Mr. Kron. notice of the condemnation hearing and at all relevant times thereafter provided, in pertinent part:
A. Before the governing authority may condemn any building or structure, there must be submitted to it a written report recommending the demolition or removal of the building signed by some city official or other pérson authorized to act in such matters for the municipality. The mayor or chief executive shall thereupon serve notice on the owner of the building or structure requiring him to show cause at a meeting of the governing authority, regular or special, why the building or 'Structure should not be condemned. The date and hour of the meeting shall -be stated in the notice which shall be served at least ten days prior to the date of the hearing, except in case of grave public emergency as hereinafter provided. The notice may be served by registered or certified mail, postage prepaid, addressed to the owner at his last known address. The notice may also be served by the marshal of the municipality or by any sheriff or deputy sheriff or constable
having jurisdiction and power to serve legal process where the owner of the building or structure is found in the state of Louisiana, and the officer shall make return of the service as in ordinary cases.
B. If the owner is absent from the state or unrepresented therein, then the notice shall be served upon the occupant of the condemned building or structure, if any, and also upon an attorney at law appointed by the mayor to represent the absentee. Domiciliary service may be made as in ordinary cases.
See LSA-R.S. 33:4762, . as enacted by 1987 La. Acts No. 434, § 1 (effective through August 14, 2008) (emphasis added).[4]
The City notes that Mr. Kron acknowledges that the City Attorney handed him a copy of the January 26, 2007 notice when Mr. Kron appeared at the City Attorney’s office on February 13, 2007. The City contends that this notice served on Mr. Kron forty-one days prior to the hearing was consistent with LSA-R.S. 33:4762, and required Mr. Kron to show cause why his house should not be condemned and ordered demolished. The City also notes that the notice provided [¡¡the date, time, and location of the hearing. The City avers that any argument by Mr. Kron that he failed to receive sufficient notice must fail because he cannot show that he suffered any prejudice or that he was not provided due process.
Proper citation is the cornerstone of all actions. The law is patently clear that actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation. Rivers v. Groth Corp., 95-2509 (La.App. 1 Cir. 9/27/96), 680 So.2d 762, 763. In the ab *25 sence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. Rivers, 680 So.2d at 768. Moreover, in the context of a municipality’s authority to exercise its police power under LSA-R.S. 33:4762, the Louisiana Supreme Court has recognized that it is “axiomatic that statutes providing for these procedural protections and substantive restraints must be strictly construed— ” Housemaster Corp. v. City of Kenner, 374 So.2d 1240, 1242-43 (La.1979).
First, we recognize that LSA-R.S. 33:4762, at all pertinent times, allowed service by registered or certified mail, postage prepaid, addressed to the owner at his last known address. Mr. Mathison testified that while he believed the letter noticing the March 27, 2007 hearing was sent by registered or certified mail to Mr. Kron’s California address, the record contains no documentation' to support the claim. Furthermore, Mr. Mathison conceded in his testimony that he had no documentation to support that the letter was mailed, and he testified that the only notice he was able to serve on Mr. Kron was the one that he handed him.
Additionally, Mr. Mathison’s act of handing the notice to Mr. Kron did not meet the requirements set forth in LSA-R.S. 33:4762 insofar as the City Attorney is not listed as one of the individuals who is authorized to effectuate service. Ráther, the statute provides that the “notice may ... be served by the marshal of the municipality or by any sheriff or deputy sheriff or constable having jurisdiction and power to serve legal process where the owner of the building or structure is found in the state of Louisiana.”. LSA-R.S. 33:4762(A). While the City notes that the statute uses the word “may” instead of “shall,” and asserts that it allows | ¡¡someone other than those specifically listed to effectuate service, the word “may” was utilized because the statute provided other methods to effectuate .service, i.e., by regular or certified mail. As such, the statute provided no authority to the City Attorney to effectuate service. Moreover, the record is insufficient to establish that Mr. Krón waived service. Unlike the owner in Automated Bldg. Corp. v. City of Bossier City, 530 So.2d 671 (La.App. 2 Cir.), writ denied, 533 So.2d 358 (La.1988), Mr. Kron did not personally‘appear at the condemnation hearing.[5]
In light of the foregoing precepts, while we have no doubt that Mr. Kron received actual notice of the hearing, we are constrained to conclude that the petition for nullity should be granted given that the service on Mr. Kron did not strictly comply with the requirements of LSA-R.S. 33:4762 and that Mr. Kron did not waive improper service.
CONCLUSION
Accordingly,1 we reverse the trial court’s August 27, 2014, jüdgment dismissing Mr. *26 Kron’s petition to nullify the condemnation order, -and -we hereby grant Mr. Kron’s petition and nullify the condemnation order.. Further, we vacate the judgment to the extent it sustained the City of Slidell’s peremptory exception raising the objection of prescription. All costs of this appeal in the amount- of $968.79 are assessed to the City of Slidell.-
REVERSED AND VACATED.

. After presenting Mr. Kron with the notice of the meeting, Mr. Mathison cancelled the private process service in California.

. Two of Mr. Kron’s neighbors also testified at the hearing, and they requested that the house be demolished.

.The version of Louisiana Revised Statutes 33:4763(B) in effect at the time of the condemnation ruling provided:
The decision and order of the governing authority shall be in writing and shall be final unless appealed from within five days as hereinafter provided. ' >

. We find LSA-R.S. 33:4762(B) to be inapplicable herein insofar as Mr. Kron maintained a residence in both Slidell and California.

. In Automated Building, the court held that the actual owner waived the defective notice by appearing at the hearing with counsel and defending against the condemnation of its property. 530 So.2d at 676. Additionally, Tatum v. Village of Converse, 440 So.2d 1354 (La.App. 3 Cir.1983), writ denied. 444 So.2d 121 (La. 1984), which was cited by the City, is also inapposite. Therein, the court did not consider and resolve whether service and citation on the landowner was sufficient. Rather, the court "entertain[ed] serious doubt as to the validity of the condemnation resolution because of the Village’s failure to strictly comply with the noticed requirements of LSAR.S. 33:4762[,]” but addressed' the issue on the merits, concluding that the trial court manifestly erred by finding that the Tatum building was in a dilapidated or dangerous condition endangering the public welfare. Tatum, 440 So.2d at 1357.