STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0193

NEW ORLEANS AND BATON ROUGE STEAMSHIP PILOTS
ASSOCIATION

VERSUS

DAVID LEE WARTENBURG AND SUCCESSION OF CONNIE
WARTENBURG

Judgment Rendered: **NOV 1 2 2020**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2018-0003648

Honorable Elizabeth P. Wolfe, Judge Presiding

* * * * *

Edgar John Litchfield                Attorneys for Plaintiff-Appellant,
Michael J. Marsiglia                 New Orleans and Baton Rouge
Baton Rouge, LA                      Steamship Pilots Association

Charles V. Genco                     Attorneys for Defendant-Appellee,
D. Mark Valentine                    David Lee Wartenburg
Morgan City, LA

* * * * *

BEFORE: WELCH, HIGGINBOTHAM, AND THERIOT, JJ.

**HIGGINBOTHAM, J.**

Plaintiff, New Orleans and Baton Rouge Steamship Pilots Association (hereafter "NOBRA") appeals the judgment of the trial court granting a peremptory exception raising the objection of no cause of action in favor of defendants, David Lee Wartenburg individually and the Succession of Connie Wartenburg (hereafter "defendants").

## FACTS AND PROCEDURAL HISTORY

On November 21, 2018, NOBRA filed a petition for damages against defendants seeking reimbursement of pension benefits deposited into the account of Connie Wartenburg after her death. Specifically, NOBRA stated that after the death of NOBRA Pilot, Captain David T. Wartenburg, David's father and Connie's husband, Connie was entitled to receive Captain Wartenburg's pension benefits until her death or remarriage. In its petition, NOBRA alleged that David dealt with the NOBRA staff on behalf of his mother to assist in setting up the direct deposit of the pension benefits. Further, NOBRA stated that because of a 2018 annual census required by NOBRA's health insurer, NOBRA attempted to contact Connie and David to no avail. Thereafter, they further inquired into the Connie's status and learned on August 30, 2018, that she died on November 22, 2017. According to NOBRA, it paid the pension benefits directly into an account under Connie and David's control until around August 30, 2018, when it learned that Connie had died. In its petition, NOBRA stated that it has deposited $235,531.96 into Connie's bank account since her death on November 22, 2017, and neither Connie nor her succession were entitled to that amount.

In response, defendants filed a Peremptory Exception of No Cause of Action and/or in the alternative the Dilatory Exception of Prematurity. In the exception, defendants contend that NOBRA failed to submit a formal proof of claim against the succession under La. Code Civ. P. arts. 3245 and 3246 before filing suit against

2

defendants. Defendants' exception came before the court for a hearing on July 22, 2019, after which the trial court granted defendants' exception finding that La. Code Civ. P. art. 3246 applies under the facts in this case and a proof of claim was not properly served or noticed before the suit was filed against the succession. The trial court signed a judgment on September 19, 2019, granting defendants' peremptory exception of no cause of action and dismissing NOBRA's claims against David Wartenburg individually and the Succession of Connie Wartenburg without prejudice.

It is from this judgment that NOBRA appeals contending that the trial court erred in granting defendants' exception of no cause of action. On appeal, NOBRA argued that La. Code Civ. P. art. 3246 does not apply because NOBRA is not a creditor of the succession; La. Code Civ. P. art. 3246 does not apply to the claims against David individually, and finally if La. Code Civ. P. art. 3246 does apply, NOBRA, by a certified letter sent to David seeking reimbursement of the benefits, made a proper claim under the article. [1]

## LAW AND ANALYSIS

The succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. La. Code Civ. P. art. 734. If a creditor has not filed suit before the debtor dies and there is neither administration nor acceptance of the succession, the creditor may not sue the decedent or the succession. 1A La.

---

[1] Initially, we note that the articles argued in favor of defendants' exception apply to successions under administration and are not applicable herein. Louisiana Code of Civil Procedure article 3241 provides that a creditor of a succession **under administration** may submit his claim to **the succession representative** for acknowledgment and payment in due course of administration. The succession representative to whom a claim against the succession has been submitted, within thirty days thereof, shall either acknowledge or reject the claim, in whole or in part. La. Code Civ. P. art. 3242. (Emphasis added.) Louisiana Code of Civil Procedure article 3246 entitled "Rejection of claim; prerequisite to judicial enforcement" states: "[a] creditor of a succession may not sue **a succession representative** to enforce a claim against the succession until **the succession representative** has rejected the claim. If the claim is rejected in whole or in part by the succession representative, the creditor to the extent of the rejection may enforce his claim judicially." (Emphasis added.)

Civ. L. Treatise, Civ. Proc. - Special Proceed. § 5.17. However, the creditor may open the succession and seek appointment as administrator or, in certain circumstances, sue the succession through an attorney appointed by the court. See La. Code Civ. P. art. 3098[2] and La. Code Civ. P. Art. 5091(A)(1)(c).[3] Louisiana Code of Civil Procedure article 1201(A) provides:

> Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.

Proper citation is the cornerstone of all actions. **Rivers v. Groth Corp.,** 95-2509 (La. App. 1st Cir. 9/27/96), 680 So.2d 762, 763. Without citation and service, all proceedings are an absolute nullity. **Id.** When the appellate court notices an absolute nullity, the court is empowered to vacate or correct the judgment on its own motion. **Pope v. Roberts,** 2013-1407 (La. App. 1st Cir. 4/16/14), 144 So.3d 1059, 1065, FN 3.

During the hearing, David's attorney pointed out that Connie's succession was not yet judicially opened, and no court-appointed representative had been selected. NOBRA requested service on the "Succession of Connie Wartenburg through David

---

[2] Louisiana Code of Civil Procedure article 3098(A) provides in pertinent part:

> When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
>
> (3) The best qualified of the creditors of the deceased or a creditor of the estate of the deceased, or a co-owner of immovable property with the deceased.

[3] Louisiana Code of Civil Procedure article 5091 provides in pertinent part:

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (c) Deceased and no succession representative has been appointed.

Lee Wartenburg." However, there was neither administration nor acceptance of the succession. Additionally, NOBRA did not open the succession and seek appointment as administrator, and NOBRA did not sue the deceased through an attorney appointed by the court. Therefore, there was no proper service of process on the succession. Generally, insufficiency of service of process must be pled prior to judgment or it is waived. La. Code Civ. P. art. 925. However, in this matter there was no one with legal authority to submit the unopened succession to the jurisdiction of the court under La. Code Civ. P. art. 6.[4] See **Martin v. Unopened Succession of Martin**, 49,573 (La. App. 2d Cir. 1/14/15), 161 So.3d 1010, 1020.

The procedure employed by NOBRA attempting to file suit against the succession was improper. Because there was no citation and service and no party representing the succession with legal authority to waive the lack of citation on behalf of the unopened succession, this court has the authority on its on motion to notice that any judgment rendered against the succession would be an absolute nullity. As such, we find that the dismissal of NOBRA's action against the Succession of Connie Wartenburg was proper, but on different grounds. Specifically, NOBRA's citation and service on the "Succession of Connie Wartenburg through David Lee Wartenburg" was defective. Therefore, we affirm the judgment of the trial court insofar as it dismissed NOBRA's claim against the "Succession of Connie Wartenburg."

---

[4] Louisiana Code Civil Procedure article 6 provides:

> A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
> (1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
> (2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.
> (3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.

The trial court also sustained the peremptory exception of no cause of action as to David individually. The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. **Naquin v. Bollinger Shipyards, Inc.,** 2013-1638 (La. App. 1st Cir. 5/2/14), 147 So.3d 207, 209, <u>writ denied,</u> 2014-1091 (La. 9/12/14), 148 So.3d 933. For purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. **Reynolds v. Bordelon,** 2014-2362 (La. 6/30/15), 172 So.3d 589, 594-95. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234, 1235 (La. 1993). Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **CLB61, Inc. v. Home Oil Company, LLC,** 2017-0557, 2017-0558 (La. App. 1st Cir. 11/1/17), 233 So.3d 656, 660. The exception should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. **State, by & through Caldwell v. Astra Zeneca AB,** 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 42 (en banc).

Because the objection of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo.* **Scheffler v. Adams and Reese, LLP,** 2006-1774 (La. 2/22/07), 950 So.2d 641, 647.

In its petition, NOBRA alleged that David has control of the bank account where NOBRA deposited Connie's pension benefits, he has controlled that account since Connie's death, and he is currently in possession of improperly paid benefits in the amount of $235,531.96. NOBRA contends that the money was improperly

6

deposited into the account because neither David nor anyone else notified NOBRA of Connie's death and "[David] knew that no pension benefits were due his mother since the day of her death." NOBRA sought return of the improperly received benefits under the theories of unjust enrichment and payment of a thing not due and contended that David was liable unto NOBRA due to his negligent and/or intentional acts in converting NOBRA's funds.

Louisiana Civil Code article 2298 provides:

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it. La. Civ. Code art. 2299. A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist. La. Civ. Code art. 2300.

As noted, in an exception of no cause of action, every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. In NOBRA's petition, it alleges that David was in control of the account in which NOBRA was depositing pension benefits, David knew his mother was no longer entitled to the pension benefit, neither David nor Connie's estate was owed the benefits, and David is currently in possession of improperly paid benefits in the

7

amount of $235,531.96. Accepting these well-pleaded facts in NOBRA's petition as true, we find that NOBRA stated a valid cause of action against David individually under La. Civ. Code art. 2298 et seq.[5] Therefore, we reverse the judgment of the trial court insofar as it sustained the exception of no cause of action in favor of David and dismissed NOBRA's claims against him individually.

## CONCLUSION

For the above and foregoing reasons, we affirm the September 23, 2019 judgment of the trial court to the extent that it dismissed NOBRA's action against the Succession of Connie Wartenburg, and reverse the judgment to the extent that it dismissed NOBRA's action against David Wartenburg individually. The costs of the appeal are assessed equally to plaintiff, New Orleans and Baton Rouge Steamship Pilots Association and defendant, David Wartenburg.

**AFFIRMED IN PART; REVERSED IN PART.**

---

[5] We recognize that the remedy provided for in La. Civ. Code art. 2298, by its own terms, "is subsidiary and shall not be available if the law provides another remedy." Herein, there was no contract or agreement between NOBRA and David, thus enrichment without cause appears to be the legal remedy for NOBRA's action. See **Gulfstream Services, Inc. v. Hot Energy Services, Inc.,** 2004-1223 (La. App. 1st Cir. 3/24/05), 907 So.2d 96, 100, writ denied, 2005-1064 (La. 6/17/05), 904 So.2d 706.