971 So.2d 403 (2007)
MERIAL LIMITED
v.
Albert G. LAGRAIZE, Individually and d/b/a Airways Animal Hospital.
No. 07-CA-182.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
Hazel A. Sanchez, Attorney at Law, Spicewood, Texas, for Plaintiff/Appellee.
Cynthia A. De Luca, Martha J. Maher, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Albert Lagraize ("Lagraize") appeals from a trial court judgment dismissing his "Petition for Annulment of Judgment Pursuant to C.C.P. Article 2002(2)." For the reasons which follow, we reverse.
FACTS AND PROCEDURAL HISTORY
On April 11, 2001, Merial Limited ("Merial") filed a "Petition on Open Account," asserting that it sold and delivered *404 goods to Lagraize for his business, Airways Animal Hospital, and that there was an outstanding balance of $5,097.22 that was due and owing to Merial. In its petition, Merial sought a judgment for the outstanding balance, finance charges, attorney fees, and costs.
Merial requested service on Lagraize at 3636 Severn Avenue in Metairie, Louisiana, but the sheriff's return dated April 17, 2001 indicates that he was not served because he was "NOT AT THIS ADDRESS PER RES. FOR 10 YEARS." Merial then requested service of Lagraize at 3620 Edenborn Avenue in Metairie, but on May 24, 2001, the sheriff returned the petition unserved indicating "UNABLE TO SERVE AFTER MAKING 5 ATTEMPTS." On February 20, 2002, Merial filed a "Motion to Appoint Special Deputy," and on February 25, 2002, the trial court appointed Dwayne Alexander ("Alexander") to effect service on Lagraize. The service return signed by Alexander and filed into the record on May 9, 2002 indicates that service was made on Lagraize on April 13, 2002, and it contains the notation, "*Mr. Albert Lagraize acknowledged service but refused to sign." The record also contains a document that appears to be an affidavit of Alexander, but is not notarized, indicating that Lagraize was served on April 13, 2002, and that he acknowledged service but would not sign. Hazel Sanchez, an attorney for Merial, filed a "Certification" into the record on August 16, 2002, indicating that Albert Lagraize was personally served at 3636 Severn Avenue[1] on April 13, 2002.
On August 20, 2002, the trial court granted a default judgment in favor of Merial and against Lagraize, awarding Merial the principal sum of $5,097.22, plus accrued finance charges of $1,166.34 through October 13, 2000, plus finance charges of 12% per year from October 14, 2000 until paid, plus all costs and reasonable attorney fees.
On April 26, 2006, Lagraize filed a "Petition for Annulment of Judgment Pursuant to C.C.P. Article 2002(2)," contending that the default judgment rendered against him was an absolute nullity because he was never served with the Petition on Open Account. According to Lagraize, he did not become aware of the lawsuit against him until he sold a piece of immovable property in February 2006 and was informed that there was a lien on the property due to the default judgment. On June 9, 2006, a notarized affidavit of Dwayne Alexander, entitled "First Amended Return of Service," was filed into the record, indicating that Alexander personally served Lagraize with the Petition on Open Account on April 13, 2002 at 3620 Edenborn Avenue in Metairie.
Trial of the Petition for Annulment came for hearing on September 26, 2006. At trial, Albert Lagraize testified that he was a veterinarian and he retired in 1999. He stated that he has lived at 3620 Edenborn Avenue since 1984, and he lived at 3636 Severn Avenue prior to 1984. He asserted that he was never served with the Petition on Open Account and had never seen or spoken with the special deputy, Dwayne Alexander. He testified that on April 13, 2002, which was the day that he had allegedly been served at his home on Edenborn, he was in Leeville, Louisiana, apprenticing as a camera man for Robert Gourques ("Gourques"), who is the host of a fishing television show entitled, "Between the Banks."
*405 Robert Gourques testified that he has produced "Between the Banks" for 23 years. He stated that Lagraize began apprenticing with him in 2002 and he began working for him as a camera man in 2004. At Lagraize's request, Gourques looked back at his 2002 calendar and realized that Lagraize was with him in Leeville, Louisiana, on April 13, 2002. Gourques contends that he remembers Lagraize was with him that weekend because it was a weekend before he was to film with a guest and he had to do some scouting on the weekend of April 13, 2002. He also remembers arriving in Leeville late Friday night after attending a Zephyrs game.
Dwayne Alexander testified that he served Albert Lagraize on April 13, 2002 between 5:30 and 6:00 p.m. at 3620 Edenborn. He stated that he believes Ms. Sanchez gave him the Edenborn address after he notified her that the Severn address was incorrect. He asserted that he knocked on the door at 3620 Edenborn and no one answered, but as he walked away, Lagraize appeared and asked if he could help him. Lagraize identified himself as "Albert Lagraize." Alexander contends that he provided Lagraize with the papers and asked him to sign the return of the citation. Lagraize stated that he would not sign any papers, so Alexander left. He stated that the notation, "Mr. Albert Lagraize acknowledged service but refused to sign," was written on the service return by someone in his office at his direction, but he did not ask anyone to write the address where he was served on the service return. In June 2006, Ms. Sanchez provided him with an Amended Return of Service indicating that he personally served Lagraize at 3620 Edenborn on April 13, 2002, and it was signed by him and notarized. He testified that he took pictures of the house at 3620 Edenborn after the Petition for Annulment was filed, but he is certain from his own recollection that he served Lagraize at the Edenborn address.
At the conclusion of the hearing, the trial court took the matter under advisement. On September 27, 2006, the trial court rendered a judgment dismissing the Petition to Annul Judgment and finding that the evidence presented by Lagraize to support his allegation that he did not receive service of the original petition was "not convincing." Albert Lagraize now appeals.
DISCUSSION
On appeal, Lagraize contends that the trial court erred in dismissing his Petition for Annulment of Judgment on the grounds that citation and service were insufficient. He asserts there is no evidence that he was served with the Petition on Open Account. The trial court appointed Dwayne Alexander as a special deputy to effectuate service on Lagraize, in accordance with LSA-C.C.P. art. 1293(A). Lagraize contends that the documents purporting to show that he was served by Alexander do not meet the requirements of LSA-C.C.P. arts. 1292 and 1293, and that Alexander did not complete the service return which contains numerous blanks, including those for the address of service and type of service. Merial responds that the return of the court appointed special deputy sufficiently evidences that service was made upon Lagraize and that, although the return from April 13, 2002 may be incomplete, the error is only a clerical one which may not be used to invalidate a default judgment.
Citation and service thereof are essential in all civil actions except summary and executory proceedings, C.C. art. 102 divorce actions, and proceedings under the Children's Code. LSA-C.C.P. art. 1201(A). In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance with the law, all subsequent *406 proceedings are absolutely null. Beevers v. Burmaster, 00-1951 (La.App. 5 Cir. 4/11/01), 787 So.2d 381, 384; Wills v. National Automotive Ins., 41,034 (La.App. 2 Cir. 4/12/06), 926 So.2d 771, 774; Rivers v. Groth Corp., 95-2509 (La.App. 1 Cir. 9/27/96), 680 So.2d 762, 763.
LSA-C.C.P. art. 2002 provides in pertinent part:
A. A final judgment shall be annulled if it is rendered:
2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
An allegation that a defendant was never served, if true, is a basis for annulling a judgment against him. Butler v. Harrington, 99-2549 (La.App. 4 Cir. 4/12/00), 761 So.2d 50, 52. On a petition to annul a default judgment, the burden of proof is on the party challenging the validity of service to show by a preponderance of the evidence that service was not properly made. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 97; State ex rel. Dept. of Social Services v. Langlois, 03-849 (La.3/3/04), 874 So.2d 216, 217.
LSA-C.C.P. art. 1292 requires that the sheriff endorse a copy of the citation or other process with "the date, place, and method of service and sufficient other data" to show that service was made in compliance with law. LSA-C.C.P. art. 1293 provides that service of process by a private person must be made in the same manner as is required of sheriffs. When the clerk of court receives the sheriff's return, it is considered prima facie correct, but service by a private process server must be proven like any other fact in the case. LSA-C.C.P. art. 1293. The party challenging service of process in a nullity action is not required to show for certain that service was not made. Hall v. Folger Coffee Co., 874 So.2d at 105. Rather, since a preponderance of the evidence standard applies, the party attacking service only needs to prove that, more likely than not, service was not properly made. Id.
After reviewing the record before us, along with the applicable law, we find that the evidence was insufficient to establish that Lagraize was properly served prior to the rendition of the default judgment against him. A private process server is required to effectuate service of process in the same manner as is required of sheriffs. However, in the present case, a preponderance of the evidence reveals that this was not done and that service was defective.
On May 9, 2002, a service return was filed into the record, indicating that, "Mr. Albert Lagraize acknowledged service but refused to sign." However, the return does not provide the place or method of service, as required of sheriffs and thus private process servers, pursuant to LSA-C.C.P. arts. 1292 and 1293. Citation and service must strictly comply with the law in order to support a valid judgment. W & R Farming Partnership v. Old South Properties, Inc., 04-737 (La.App. 3 Cir. 11/10/04), 887 So.2d 646, 648.
Although Alexander testified that he personally served Lagraize at 3620 Edenborn on April 13, 2002, the service return in the record does not support that he was served at the Edenborn address. Further, the "Certification" filed by Merial's attorney, Ms. Sanchez, indicates that Mr. Alexander served Lagraize at the Severn address, not 3620 Edenborn. As stated above, service by a private person is not considered prima facie correct and it must be proven like any other fact in the case. The record before us reveals that the evidence is clearly insufficient to support Merial's assertion that service was properly made. Thus, the evidence was inadequate to support the default judgment.
*407 Accordingly, we reverse the trial court's judgment dismissing Lagraize's Petition to Annul Judgment, and we hereby annul the August 20, 2002 default judgment on the grounds that Lagraize was not properly served with process as required by law.
In his second argument on appeal, Lagraize asserts that the trial court erred in dismissing his Petition for Annulment of Judgment, because he did not receive notice of signing of judgment pursuant to LSA-C.C.P. art. 1913. However, considering our decision to annul the default judgment on the grounds that service was not properly effectuated, this argument is moot.
DECREE
For the reasons set forth above, we reverse the trial court's judgment dismissing Lagraize's Petition for Annulment of Judgment, and we annul the default judgment rendered against Lagraize on August 20, 2002.
REVERSED.
NOTES
[1] Merial acknowledges that this was not the correct address where service was allegedly made, and it asserts that the error was a clerical one. Merial contends that service was actually made at 3620 Edenborn Avenue.