# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-74

KERRY J. CLOFER

VERSUS

JEANNETTE AUGUST

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-1884
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Phyllis M. Keaty, Judges.

**VACATED AND REMANDED.**

**James Darren Stewart**
**The Southwest Louisiana Law Center**
**1011 Lakeshore Drive, Suite 402**
**Lake Charles, Louisiana 70601**
**(337) 436-3308**
**Counsel for Plaintiff/Appellee:**
　　**Kerry J. Clofer**

**Abril Baloney Sutherland**
**Geri Broussard Baloney**
**Broussard Baloney Law Firm**
**1903 West Airline Highway**
**New Orleans, Louisiana 70068**
**(985) 224-8090**
**Counsel for Defendant/Appellant:**
　　**Jeannette August**

**KEATY, Judge.**

In this child custody matter, the mother appeals a trial court judgment denying her exceptions of no right of action and improper venue and granting sole custody of the minor child to the father with supervised visitation in her favor. For the following reasons, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Zoey August was born on August 27, 2006, as a result of the union between Jeannette August and Kerry Clofer, who were never married. Mr. Clofer, a resident of Calcasieu Parish, filed a Petition for Custody (the Petition) in the Fourteenth Judicial District Court on April 16, 2013, seeking joint custody of Zoey with him being designated as domiciliary parent and with Ms. August, a resident of St. John the Baptist Parish, entitled to visitation every other weekend and holidays. Mr. Clofer also sought to be listed as the father on the minor child's birth certificate and to change the minor child's name from "Zoey August" to "Zoey Clofer." The matter was set for hearing on June 24, 2013.[1] On June 18, 2013, Ms. August, through counsel, filed a motion to continue the June 24, 2013 hearing because of a scheduling conflict. According to the motion, Ms. August's counsel was notified that opposing counsel was to be out of the office until the morning of the scheduled hearing and was, thus, unable to consent or object to the motion for continuance.

An Interim Order in the record dated June 24, 2013, provides that after the matter was called for hearing on that date and Ms. August did not appear, Mr. Clofer was awarded sole custody of Zoey with Ms. August having supervised

---

[1] Although the Order attached to the Petition set the matter for hearing on May 29, 2013, the parties agree that the hearing was reset to June 24, 2013.

visitation.[2] The Interim Order set a hearing for August 13, 2013, to determine whether to modify custody and visitation. Despite having issued the June 24, 2013 Interim Order, the trial court signed the Order attached to Ms. August's motion to continue on June 27, 2013, continuing the hearing scheduled for June 24, 2013, to August 13, 2013.

On June 28, 2013, Ms. August filed a pleading entitled Exceptions, Incorporated Memorandum In Support of Exceptions, Answer, Motion to Vacate, and Memorandum In Support Thereof. Therein, Ms. August asserted exceptions of no right of action and improper venue and answered the Petition in the form of a general denial.[3] She also sought to vacate the Interim Order on the basis that she had not arbitrarily failed to appear at the June 24, 2013 hearing, as evidenced by her timely filing of a motion to continue. Ms. August further submitted that the Interim Order should be vacated because it was based upon false testimony given by Mr. Clofer that Zoey was currently in his physical custody and had been in his physical custody for the past two years. Ms. August's prayer for relief requested that the matter be set for trial and that she be given adequate time to conduct discovery. By undated Order file-stamped on July 2, 2013, the trial court vacated the June 24, 2013 Interim Order and set Ms. August's exceptions for hearing on August 13, 2013.

On August 8, 2013, Ms. August filed a Motion to Forfeit Oral Argument, Motion for Judgment on Pleadings, and Incorporated Memorandum. In her motion, Ms. August asked the trial court to declare that Mr. Clofer forfeited his right to orally argue any opposition to her exceptions by failing to file an opposition

_____

[2] The record does not contain a transcript from the June 24, 2013 hearing.

[3] Ms. August also asserted exceptions of prematurity, no cause of action, and improper use of summary proceedings.

2

memorandum as required La.Dist.Ct.R. 9.9.[4] Ms. August further requested that the trial court render judgment on the pleadings in accordance with La.Code Civ.P. art. 965 because of the hardship involved in her or her counsel making an appearance in Lake Charles. In that regard, Ms. August submitted that the trial court should not consider Mr. Clofer's unsupported allegations of paternity, while it should accept the allegations pled in her answer as true as none were denied by Mr. Clofer. Ms. August prayed for judgment on the pleadings in her favor, granting her exceptions of no right of action and improper venue and dismissing Mr. Clofer's Petition at his cost. The trial court signed the Order attached to Ms. August's motion wherein it "ORDERED that [Mr. Clofer] forfeits his privilege of oral argument on Defendant's exception set for hearing on August 13, 2013, and this Court will render Judgment on the Pleadings, pursuant to La. C.C.P. Art. 965." The Order further provided that the "hearing set for August 13, 2013 is hereby removed from the Court's docket." Although the Order is file-stamped August 8, 2013, no date appears near the trial court's signature line to indicate when the trial judge signed the Order.

The record contains a transcript from a hearing that took place on August 13, 2013, at which Mr. Clofer and his counsel were present. No appearance was made by Ms. August or her counsel. According to the transcript, the trial court was unsuccessful in its attempt to contact Ms. August's counsel that morning. The transcript reveals that Mr. Clofer's counsel presented the trial court with a Motion to Vacate Order granting Ms. August's Motion to Forfeit Oral Argument and for Judgment on the Pleadings. Thereafter, Mr. Clofer was sworn in and was questioned by the trial court. Mr. Clofer testified that Ms. August contacted him in

---

[4] We note that according to La.Dist.Ct.R. 1.1(b), the rule upon which Ms. August relied as the basis for her contention that Mr. Clofer forfeited his right to oral argument, i.e., La.Dist.Ct.R. 9.9, does not apply to family and juvenile proceedings.

October of 2011 to say that she had given birth to a child five years ago and that he might be the father. He took a paternity test that confirmed he was the father of Zoey.[5] Later, Ms. August told him that she was unable to take care of Zoey. According to Mr. Clofer, he picked Zoey up from school on May 31, 2012, and she has stayed with him ever since, except for a few times when he brought her back to visit Ms. August for short periods of time. Mr. Clofer explained that Zoey had attended Oak Park Elementary School in Calcasieu Parish during the 2012/2013 school year.[6] Under direct examination from his attorney, Mr. Clofer testified that after he secured the Interim Order on June 24, 2013, awarding him sole custody of Zoey, Ms. August refused to let him retrieve Zoey from her which led him to enlist the help of the Sheriff's Office. Eventually, he found Zoey walking around Ms. August's neighborhood. Thereafter, he picked Zoey up and notified the police who examined his paperwork and let him take Zoey back with him. Mr. Clofer stated that he lived with his mother in Lake Charles and that Zoey was at home sleeping that morning while he was at court. At the conclusion of Mr. Clofer's testimony, the trial court orally rendered judgment from the bench granting Mr. Clofer's Motion to Vacate and granting sole custody of Zoey to Mr. Clofer with Ms. August allowed supervised visitation every other Saturday and Sunday at Millennium Park in Lake Charles.[7] Written Judgment was signed on August 13, 2013.

Ms. August now appeals, asserting the following two assignments of error:

---

[5] The paternity test results were accepted into evidence as Clofer 1.

[6] Zoey's report card for the 2012/2013 school year, along with the results of a standardized test that Zoey took in April 2013, and several awards that Zoey received during the school year were accepted into evidence as Clofer 2 in globo.

[7] The judgment also ordered that Zoey's birth certificate be altered to change her surname to "Clofer" and to name "Kerry J. Clofer" as her father. Ms. August has not appealed those aspects of the judgment.

4

1. The trial court's failure to give Ms. August notice of the hearing date on her exceptions and trial on the merits was clearly erroneous, and the absence of evidence of such notice in the record nullifies the judgment.

2. The trial court erred when it failed to conduct a hearing as to Ms. August's declinatory exception of improper venue and exception of no right of action, in advance of conducting a trial on the merits.

## DISCUSSION

### *Assignment of Error Number One*

"[P]arents have a natural, fundamental liberty interest to the continuing companionship, care, custody and management of their children warranting great deference and vigilant protection under the law." *State ex rel. J.A.*, 99-2905, pp. 7-8 (La. 1/12/00), 752 So.2d 806, 810.

> The interest of a parent in having a relationship with h[er] children is manifestly a liberty interest protected by the Fourteenth Amendment's due process guarantee. The United States Supreme Court has declared it "plain beyond the need for multiple citation" that a biological parent's right to "the companionship, care, custody, and management" of h[er] children is a liberty interest far more important than any property right. *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982); *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2160, 68 L.Ed.2d 640 (1981).

*In re Adoption of B.G.S.*, 556 So.2d 545, 549 (La.1990).

"[L]ack of adequate notice implicates a procedural due process concern." *Flemming v. Flemming*, 13-22, p. 8 (La.App. 3 Cir. 6/5/13), 114 So.3d 1285, 1290, *writ denied,* 13-1624 (La. 11/15/13), 125 So.3d 1108. Louisiana Code of Civil Procedure Article 1571(A)(1), provides in pertinent part that "[t]he district courts shall prescribe the procedure for assigning cases for trial, by rules which shall: (a) [r]equire adequate notice of trial to all parties." In *Guillory v. LaFleur*, 469 So.2d 444, 446 (La.App. 3 Cir. 1985), this court recognized the principal that "[a]n ex parte custody order granted by a trial judge without notice, service of pleadings,

5

and without affording a hearing to the parent having custody of the child is null and without effect."

Ms. August submits that the record establishes that the trial court issued an order removing the hearing on her exceptions to the Petition from its August 13, 2013 docket and declared that it would render judgment on the pleadings. She further submits that the record further establishes that the trial court subsequently vacated that order and conducted a trial on the merits in her absence and without notice to her and/or her counsel, thus rendering the August 13, 2013 judgment null.

While Mr. Clofer acknowledges that the trial court did sign an order removing the hearing from its August 13, 2013 docket, he submits that no formal notice of the removal was sent to either of the parties or their counsel prior to the hearing date. Mr. Clofer further submits that the hearing went forward after he appeared on the hearing date with a Motion to Vacate the order removing the matter from the docket, which the trial court signed in open court.

In *Porter v. Hobbs*, 627 So.2d 751, 752 (La.App. 2 Cir. 1993), the father of a child born out-of-wedlock filed a "Petition in Rule for Child Custody" against the child's mother, seeking sole custody, or alternatively joint custody, with himself being named the primary custodial parent. The child resided with his mother since birth, although there was no judicial award of custody up until that time. The record showed that the mother was personally served with the citation and rule for custody. After the mother appeared at the scheduled custody hearing without legal representation, the trial court held an in-chambers pre-trial conference between the mother, the father, and the father's attorney before rescheduling the hearing. The father was granted weekend visitation in the interim, and the trial court ordered the Louisiana Department of Health and Human Resources (DHHR) to conduct home studies of the father's and mother's homes. In addition, the trial court advised the

6

mother that "she needed to obtain counsel." *Id.* at 753. When the mother appeared at the rescheduled custody hearing, again with no legal representation, the trial court held another in-chambers pre-trial conference between the mother, the father, and the father's attorney.

> During this [second] conference, the trial judge apparently indicated that he would rule in favor of [the father] based upon the recommendations made in the DHHR Home Studies. Thereafter, the following was recited in open court by [the father's] attorney, Mr. Adams:
>
>> *THE COURT:*
>> Mr. Adams, do you want to go ahead and make your stipulations[8] for the record?
>>
>> *MR. ADAMS:*
>> Yes, Your Honor, [. . .] the Court has ordered that primary physical custody of the minor child [. . .] shall be placed with the father [. . .] for the school term to take effect on Friday, October the 30th, 1992. . . .
>
> A written judgment, setting forth the details of the custody award as recited in open court, was signed by the trial judge on November 12, 1992. [The mother] was granted weekend and holiday visitation with [the child], and was given the right to petition the court for review of the custodial "arrangement" on November 1, 1993.

*Porter*, 627 So.2d at 753. Thereafter, the mother retained legal representation who filed a motion for new trial alleging that "the trial court's judgment was improper because it was rendered after discussions held in chambers, at which time no evidence was taken, and no witnesses were sworn and placed under oath" and "because she was not represented by legal counsel, did not understand the nature of the proceedings, and was not aware that she had the right to put on evidence." *Id.* Following a hearing, the trial court denied the mother's motion for new trial.

On appeal, the second circuit declared that "parental rights are protected by due process" and, as such, "the right to some kind of hearing is paramount" before

---

[8] On appeal, the second circuit agreed with the mother's argument that the so-called "stipulations" were not agreed to by the parties but were, instead, "merely a recognition of the trial judge's decision." *Id.* at 755.

those rights can be limited or modified. *Id.* at 754. The second circuit went on to state that due process requires that:

> In order to adjudicate a contested custody case[,] the trial court must afford the parties an evidentiary hearing at which time the parties may present evidence in an attempt to rebut the presumption that joint custody is in the best interest of the child and to determine which parent shall be designated the primary domiciliary parent."

*Id.*

After reviewing the record, the appellate court determined that:

> Although the clerk's minute entry of October 26 shows that [the mother] was present when the "stipulations" were recited by [the father's] attorney, the record does not show that she received an explanation of the implications of the purported custody settlement, that she understood it, or that she even consented to it. From this record, we cannot say that [the mother] reached a settlement of this custody dispute or that the trial court was within its authority by ruling on the dispute without receiving evidence other than the DHHR Home Studies. If [the mother] agreed to settle the case, or agreed that the Court could make a ruling based solely on the Home Studies and statements made in chambers, the record fails to reflect it.

*Id.* at 755. As a result, the judgment was vacated, and the matter was remanded for further proceedings consistent with the appellate court's opinion.

The record before us indicates that this is a highly contested matter involving the custody of seven-year-old Zoey. As a result of the trial court having signed an order removing the matter from its August 13, 2013 docket, neither Ms. August nor her counsel were present in court on that day. Nevertheless, the trial court held a hearing and received evidence from only the father before vacating the motion removing the matter from its docket and rendering judgment determining the custody of Zoey on an ex parte basis. Because that judgment was rendered without proper notice to Ms. August, she was denied the opportunity to present evidence on her exceptions to, as well as the merits of, Mr. Clofer's Petition for Custody. Accordingly, the August 13, 2013 judgment is a nullity and is vacated in its entirety.

### *Assignment of Error Number Two*

Louisiana Code of Civil Procedure Article 929(A) provides that "[t]he declinatory exception, the dilatory exception, and the peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case." The record reveals that Ms. August filed an answer and exceptions to Mr. Clofer's Petition for Custody on June 28, 2013. Thus, the trial court should have ruled on the exceptions prior to conducting trial on the merits. Although the transcript of the August 13, 2013 hearing is void of any discussion of the merits of Ms. August's exceptions of no right of action and improper venue, the written judgment states that those exceptions were denied. It was error for the trial court to conduct trial on the merits without first trying and deciding the merits of Ms. August's exceptions. Upon remand, the trial court is ordered to dispose of Ms. August's exceptions in advance of trial on the merits.

### DECREE

For the foregoing reasons, the judgment of the trial court is vacated, and this matter is remanded to the trial court for proceedings consistent with this opinion. All costs of this appeal are assessed to Kerry Clofer.

**VACATED AND REMANDED.**