IRRAEL GARCIA

VERSUS

JAIDY HERNANDEZ

NO. 21-CA-338

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 772-729, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

April 11, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**VACATED AND REMANDED**
  **SJW**
  **MEJ**
  **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
IRRAEL GARCIA
M. Molly MacKenzie

**WINDHORST, J.**

Plaintiff-appellant, Irrael Garcia, appeals the district court's judgment awarding Mr. Garcia and defendant-appellee, Jaidy Hernandez, joint custody of their minor child, and Ms. Hernandez unsupervised physical custody of the child for certain specified periods of time. For the following reasons, we vacate the domestic commissioner's February 1, 2021 interim judgment and the district court's March 11, 2021 judgment and reinstate the domestic commissioner's November 8, 2018 judgment.[1] We remand this case to the district court to reset the motion to modify custody before the domestic commissioner.

**FACTS and PROCEDURAL HISTORY**

This appeal involves the custody of the minor child, A.G., born to Mr. Garcia and Ms. Hernandez in 2016. Mr. Garcia and Ms. Hernandez were never married but lived together until they permanently separated in April 2017.

**The Initial Custody Proceedings**

On January 25, 2018, Mr. Garcia filed a petition against Ms. Hernandez seeking sole custody of the child and requesting that Ms. Hernandez have supervised visitation provided she completed a domestic abuse intervention program in accordance with the Post-Separation Family Violence Relief Act. In response, Ms. Hernandez filed a petition seeking frequent and liberal visitation for herself and to be named as the domiciliary parent of the child.

After a two-day hearing, the domestic commissioner rendered judgment dated November 8, 2018, granting Mr. Garcia temporary sole custody of the child and Ms. Hernandez supervised visitation conditioned upon her completing a 26-week domestic abuse intervention program and refraining from use of alcohol and illegal drugs. In the November 8, 2018 judgment, the domestic commissioner found a

---

[1] This judgment became final when no timely objection was filed by Ms. Hernandez.

history of family violence, and that Ms. Hernandez had perpetrated more than one incident of family violence on Mr. Garcia. Having taken all matters under advisement, he issued a permanent injunction prohibiting Ms. Hernandez from abusing or harassing Mr. Garcia.

Thirteen months later, on December 13, 2019, Ms. Hernandez filed a rule for modification of custody, asserting that there was a change in circumstances warranting modification of the custody schedule set forth in the November 8, 2018 judgment. She sought a joint custody order with the parties sharing equal periods of physical custody of the child. Ms. Hernandez asserted that she had completed the domestic abuse intervention program, refrained from drug and alcohol use, and paid court costs, as required by the November 8, 2018 judgment.[2] She did not allege that the judgment's custody and visitation provisions were so deleterious to the child as to justify a modification of the custody decree, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child, as required by Bergeron, infra. Because of the circumstances created by COVID-19, the hearing on Ms. Hernandez's rule was delayed multiple times.

**The Domestic Commissioner Hearing**

On November 24, 2020, the rule for modification of custody was set for hearing on January 25, 2021. Mr. Garcia, however, was not served with notice of the January 25, 2021 hearing date until January 22, 2021 at 6:00 P.M., the Friday evening preceding the Monday morning hearing. A private process server appointed pursuant to La. C.C.P. art. 1293 served Mr. Garcia via domiciliary service on his "live-in girlfriend." Mr. Garcia has limited English proficiency, and required translation assistance to understand the notice and nature of the hearing. He was unable to attend the hearing because he was unable to obtain the day off from work

---

[2] The November 8, 2018 judgment provides that upon fulfilment of these conditions, Ms. Hernandez would be allowed limited *supervised* visitations.

on such short notice. Despite the record reflecting that Mr. Garcia had been served after business hours on the Friday evening preceding the Monday morning hearing, the domestic commissioner conducted the hearing without Mr. Garcia present on January 25, 2021.

At the start of the hearing, the domestic commissioner questioned the sufficiency of the service on Mr. Garcia, but only as to Mr. Garcia having been served through his live-in girlfriend, and not relative to the date and insufficient notice of that service. Ms. Hernandez was the only witness to testify, and the transcript reflects that her testimony was not extensive. Ms. Hernandez testified that she had completed the domestic abuse intervention program; that she had not seen the minor child in two years; that she had a newborn and was living with her domestic partner who worked while she cared for their newborn; and that the child would have a place to sleep.

The only mention of Mr. Garcia was when Ms. Hernandez's counsel asked, "Would you be willing to cooperate and co-parent with the father of the child for the benefit of the child?" In response, Ms. Hernandez stated, "Well, yes. But if they give me the sole custody I would do that, too." Ms. Hernandez's counsel then asked her, "So you would foster the relationship of your daughter with her father?" Ms. Hernandez replied, "I don't know. We would have to communicate with him like this date to pick up the girl."

At the conclusion of the hearing, the domestic commissioner granted the modification, ordering joint custody of the child with immediate unsupervised custodial periods for Ms. Hernandez. The domestic commissioner's interim judgment was signed on February 1, 2021, and Mr. Garcia objected to it timely. Mr. Garcia also filed a motion for emergency stay of the domestic commissioner's interim judgment, which was granted.

**The District Court Hearing**

On March 11, 2021, the district court held a hearing on Mr. Garcia's objection. At the beginning of the hearing, Mr. Garcia's counsel stated to the court, "I assume that Ms. Hernandez would like to put on her case in chief since it is a Motion to Modify and this would be a trial *de novo*." The trial judge responded, "we're here today for you," referring to Mr. Garcia's objection, "[s]o put your case on." At this point, Mr. Garcia proceeded with his case in chief and testified before the court. Mr. Garcia testified regarding the initial 2018 custody order and Ms. Hernandez's lack of interaction with the child since that order. Mr. Garcia indicated that he thought Ms. Hernandez should still be limited to supervised visitation to protect his daughter.

After Mr. Garcia finished with his case in chief, the trial judge asked Ms. Hernandez if she "ha[d] anything." Ms. Hernandez's counsel stated, "You know, judge -- it's not going to carry a burden because the guy said he thinks that she needs supervised visitation but no real facts elicited today to overturn the Commissioner's ruling- I mean nothing." Ms. Hernandez did not put on any witness testimony or present any evidence.

Mr. Garcia's counsel argued to the district court that the Commissioner's ruling was completely contrary to the Post Separation Family Violence Relief Act because it failed to consider that the child's last interaction with Ms. Hernandez was two and a half years ago, the need for therapy and a transitional visitation schedule, or that the Act prohibits an abusive parent from being granted sole or joint custody of a child. Mr. Garcia's counsel further argued that the hearing should be *de novo*, and that the burden of proof remained on Ms. Hernandez, stating "Your Honor, we do not have the burden in this case, it is a [trial] de novo," to which the district court judge responded, "I understand. I understand that." Nevertheless, it is clear from the record that the burden of proof was shifted to Mr. Garcia to show why Ms. Hernandez's motion to modify a considered custody decree should not be granted.

After the hearing, the district court upheld the domestic commissioner's interim judgment modifying custody on the basis that Mr. Garcia did not show "sufficient evidence to support the objection and prove why the domestic commissioner's judgment of February 1, 2021, should be overruled." This appeal followed.

## LAW and ANALYSIS

On appeal, Mr. Garcia asserts the district court erred in: (1) failing to conduct a *de novo* review of the case, and improperly shifting the burden of proof from Ms. Hernandez, the party seeking to modify custody, to the objecting party, Mr. Garcia; (2) maintaining the domestic commissioner's judgment when Mr. Garcia was not given adequate notice and a meaningful opportunity to participate in the custody modification hearing before the domestic commissioner; and (3) failing to properly apply the Post-Separation Family Violence Relief Act when considering Ms. Hernandez's motion to modify custody.

### Insufficient Notice and Service for Domestic Commissioner Hearing

In assignment of error number two, Mr. Garcia asserts the domestic commissioner committed reversible error in conducting the hearing when he was not given adequate notice or a meaningful opportunity to prepare and participate in the hearing. We agree.

The law provides that the failure to provide adequate notice implicates a procedural due process concern. Clofer v. August, 14-74 (La. App. 3 Cir. 6/4/14), 139 So.3d 1245, 1248; Flemming v. Flemming, 13-22, p. 8 (La. App. 3 Cir. 6/5/13), 114 So.3d 1285, 1290, writ denied, 13-1624 (La. 11/15/13), 125 So.3d 1108. Due process "is not a technical conception with a fixed content unrelated to time, place and circumstances." Fairbanks v. Beninate, 20-206 p. 23 (La. App. 5 Cir. 12/23/20), 308 So.3d 1222, 1232. Persons whose rights may be affected by state action are entitled to be heard, and, in order that they may enjoy that right, they must first be

notified. Equally fundamental to the right to notice and an opportunity to be heard is that notice must be provided at a meaningful time and in a meaningful manner. In re. A.J.F., 00-948 (La. 6/30/00), 764 So.2d 47, 55; In re Adoption of B.G.S., 556 So.2d 545, 549 (La. 1990).

La. C.C.P. art. 1571 A(1), provides in pertinent part that district courts shall prescribe the procedure for assigning cases for trial by rules which shall require adequate notice of trial to all parties. Under the Louisiana District Court Rules, "delays for filing of pleadings, briefs or memoranda and response thereto prior to hearing shall, except where specifically addressed in these rules, conform to the Uniform District Court Rules 9.8, 9.9, 9.10." La. Dist. Ct. R. 24.0, App. 24th JDC C. Although La. Dist. Ct. Rule 9.9(b) provides that all parties must be served with notice of a hearing at least fifteen days in advance in civil cases, La. Dist. Ct. Rule 9.9(a) specifies that this rule does not apply in family law proceedings due to their expedited nature, and that delays in these proceedings shall be at the discretion of the court. Specific to family law proceedings, the Uniform District Court Rules require that parties exchange their completed Family Law Affidavits and Hearing Officer Packets with one another at least five business days before a scheduled hearing officer conference. La. Dist. Ct. Rule 24.0 D(2).

A biological parent's due process right to "the companionship, care, custody, and management" of a child is protected by the Fourteenth Amendment to the United States Constitution. Tracie F. v. Francisco D., 15-1812 (La. 3/15/16), 188 So.3d 231, 242. The United States Supreme Court has declared it "plain beyond the need for multiple citation" that a biological parent's right to "the companionship, care, custody, and management" of his children is a liberty interest far more important than any property right. Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982).

Taking into consideration the safety concerns of the child, the paramount interest at stake here, as well as the above rules, we find that the notice given to Mr. Garcia for the domestic commissioner hearing was clearly inadequate. To expect a parent to arrange to attend a hearing, obtain counsel, and prepare for a motion to modify custody hearing over a weekend is patently unfair. Mr. Garcia did not have a reasonable opportunity to arrange for time off from work to attend the hearing, to seek counsel, or to prepare for the hearing because there were no business days between the service and the hearing. Consequently, it was clearly erroneous for the domestic commissioner to proceed with the hearing when Mr. Garcia did not receive meaningful notice.

During the hearing, the domestic commissioner questioned the validity of service, commenting, "I've reviewed the record and I see that there's no service on the defendant." (Tr. p. 5, lines 2-4). The commissioner further expressed his opinion that service on "his girlfriend" was not sufficient. (Tr. p. 5, lines 16-17). There was no evidence or testimony to the contrary which would support a conclusion that the person who allegedly accepted service was a domiciliary of the residence, as required by La. C.C.P. art. 1234.

Moreover, service was made by a private process server appointed pursuant to La. C.C.P. art. 1293. Among other provisions, La. C.C.P. art. 1293 A requires that "Service of process made in this manner *shall be proved like any other fact in the case*." [Emphasis added.] Both the transcript and the minute entry of the domestic commissioner's January 25, 2021 hearing indicate that no evidence was admitted therein to prove the fact of service on Mr. Garcia. Unlike service by the sheriff under La. C.C.P. art. 1292 A, a return of service by a private person filed into the record is not considered "*prima facie* correct." In the absence of any evidence formally admitted to prove, as fact, service by a private person as required by La. C.C.P. art. 1293 A, the commissioner's interim judgment is a nullity. See Jefferson Community

Health Care Center, Inc. v. Roby, 15-198 (La. App. 5 Cir. 11/19/15) 180 So.3d 585, 587; GR Constr. & Renovation, LLC v. White, 14-62 (La. App. 5 Cir. 05/21/14), 142 So.3d 207, 209; Merial Limited v. Albert G. LaGraize, Individually and d/b/a Airways Animal Hospital, 07-182 (La. App. 5 Cir. 10/30/07) 971 So.2d 403, 406; Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La. App. 5 Cir. 4/9/97), 694 So.2d 453, 456-457, writ denied, 97-1236 (La. 9/26/97), 701 So.2d 983.

For the reasons above, we vacate the domestic commissioner's interim judgment dated February 1, 2021, finding it to be a nullity and of no effect. We therefore further conclude that evidence admitted during the domestic commissioner's hearing and the resulting interim judgment should not have been subsequently considered by the district court, unless it had been formally admitted into evidence in the district court hearing.

**The Right to a *De Novo* Hearing and Burden of Proof**

In assignment of error number one, Mr. Garcia asserts that the district court erred in not conducting a *de novo* hearing and in shifting the burden of proof from Ms. Hernandez, the party seeking to modify custody, to Mr. Garcia, the objecting party. This assignment of error has merit.

La. R.S. 13:717 created three offices of commissioner for the Twenty-Fourth Judicial District with each to have jurisdiction over either criminal, civil or domestic matters. The commissioners shall have all of the powers of a judge of a district court. La. R.S. 13:717 D. La. R.S. 717 F enumerates and limits the powers and responsibilities of the domestic commissioner, which includes the power to implement *interim* child support and custody orders. Litigants may object to the commissioner's order pursuant to the procedure set forth in La. R.S. 13:717 F(4), which provides in pertinent part as follows:

> (b) Any party who disagrees with a judgment or ruling of a commissioner may file a written objection thereto. The objection shall be filed within three days of the judgment or ruling being received by

the party either from the commissioner or by service through the clerk of court and shall be filed in accordance with the rules of the Twenty-Fourth Judicial District Court. The objection shall be heard by the judge of the Twenty-Fourth Judicial District Court to whom the matter was originally allotted.

(c) The judge may decide the objection based on the record of the proceedings before the commissioner or may receive further evidence and rule based on that evidence, together with the prior evidence, or may recommit the matter to the commissioner with instructions.

La. Dist. Ct. Rule 35.5 provides that an objection to the written recommendation of a hearing officer or interim judgment of the domestic commissioner shall be filed with the clerk of court within five (5) days, exclusive of legal holidays, from the issuance of the recommendation.

La. R.S. 13:717 F(4) provides that a commissioner's orders shall be interim:

F. The powers of the commissioners hearing domestic matters shall include but not be limited to the power to:

\* \* \*

(4) Implement *interim* child support and custody *orders*
[Emphasis added.]

It is clear that if either party files an objection, the "interim orders" of the domestic commissioners remain interim until the district court renders its judgment. Considering that a domestic commissioner's interim order to which a timely objection has been filed remains *interim* and is not a judgment of the court, and that the admission of new evidence during the district court hearing is contemplated by law, the hearing in the district court on the domestic commissioner's interim order of custody and visitation should be *de novo*, as is the district court's consideration of the interim orders of domestic hearing officers.

In Dugue v. Dugue, 17-525 (La. App. 5 Cir. 6/27/18), 250 So.3d 1174, 1177-78, this Court held that because the appellant had objected timely to the hearing officer's recommendations, the recommendations did not become a final judgment and that appellant was clearly entitled to a *de novo* review of the hearing officer's findings by the district court. We recently reiterated this holding in Fairbanks v.

Beninate, 20-206 (La. App. 5 Cir. 12/23/20), 308 So.3d 1222, 1236, writ denied, 21-250 (La. 3/23/21), 313 So.3d 272. In addition, in Ariatti v. Plaisance, 18-84 (La. App. 5 Cir. 9/13/18), 255 So.3d 1239, 1249, we recognized a litigant's right to a district court's *de novo* consideration of a domestic commissioner's interim judgment.

La. R.S. 13:717 F (4)(c) gives the district court the authority to consider an objection to the domestic commissioner's interim judgment based on the record of the proceedings before the commissioner, or based on additional evidence, together with the prior evidence, or to recommit the matter to the commissioner with instructions. Given these specific options, it would be illogical to admit new evidence in the district court, but not mandate a *de novo* hearing so that new evidence and evidence previously admitted in the domestic commissioner's hearing may be considered and weighed together as a whole. In addition, a *de novo* hearing in the district court on the domestic commissioner's interim judgment is consistent with the requirement of the district court's consideration of a hearing officer's interim order.

The necessity of a *de novo* hearing was especially critical in this case. Because Mr. Garcia was not properly served and did not appear for the domestic commissioner's hearing, evidence and argument by Ms. Hernandez which should not have been considered by the commissioner was admitted in Mr. Garcia's absence. It is apparent from the transcript of the district court hearing that the court also considered evidence presented to the commissioner and the commissioner's resulting conclusions, and that the court gave considerable weight to them. We conclude that evidence improperly admitted during the domestic commissioner's hearing and the commissioner's consequential conclusions were improperly considered by the district court, and should have been excluded in *de novo* consideration of Ms. Hernandez's rule to modify custody and visitation.

The record also shows that the incorrect standard was applied in considering the motion to modify. It is well-settled that the paramount consideration in any

determination of child custody is the best interest of the child. E.R. v. T.S., 18-286 (La. App. 5 Cir. 10/11/18), 256 So.3d 551, 557. This applies not only in actions setting custody, but also in actions to change custody. Id. When a party seeks to change custody rendered in a considered decree, the proponent of change not only must show that a change of circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody, but he or she also "bears the heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." Gray v. Gray, 11-548 (La. 7/1/11), 65 So.3d 1247, 1258-59; Evans v. Lungrin, 97-0541 (La. 2/6/98), 708 So.2d 731, 738; Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La. 1986).

In this case, the domestic commissioner's February 1, 2021 interim judgment, and the district court's March 11, 2021 judgment granted a modification of judgment in favor of Ms. Hernandez, ordering joint custody of the child with immediate unsupervised custodial periods for Ms. Hernandez. This was a significant modification of the November 8, 2018 custody judgment (a considered decree under Bergeron), which had granted sole custody to Mr. Garcia and had conditionally granted only *supervised* visitation to Ms. Hernandez, if she met the conditions. The November 8, 2018 judgment did not contemplate the possibility of joint custody and unsupervised visitations even if she met its conditions, and was significantly and materially modified by the March 11, 2021 judgment. Nevertheless, the domestic commissioner and the district court granted the modification without finding that Ms. Hernandez had met her "heavy burden" of showing that the present custody ordered by the judgment of November 8, 2018 was so deleterious to the child as to justify a modification of the considered decree of custody and visitation, or by

proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child, as required by Bergeron. Id.

Based on Bergeron and subsequent jurisprudence, we find the district court erred in requiring Mr. Garcia to bear the burden of establishing that the domestic commissioner's interim order should be overruled. Because Ms. Hernandez sought modification of the November 8, 2018 judgment to her benefit far beyond the supervised visits conditionally permitted in that judgment, the "heavy burden" of proof required by Bergeron for the modification of that considered decree was upon Ms. Hernandez. Establishing the Bergeron standard of proof remains the burden of the party seeking to modify a considered decree in the district court hearing, just as it was that party's burden during the domestic commissioner's hearing. A *de novo* hearing requires that the same party seeking to modify a considered decree proceed first and establish the initial showing required by Bergeron, even when the moving party prevailed before the commissioner. Here, allowing a hearing which was not *de novo* effectively allowed a shifting of the heavy burden of the Bergeron standard to the non-moving party.

The record indicates that Mr. Garcia filed a timely objection to the domestic commissioner's February 1, 2021 interim judgment, and that the district court had not rendered judgment in this matter. Thus, we find that Mr. Garcia was entitled to a *de novo* hearing before the district court as to the domestic commissioner's February 1, 2021 modified custody and visitation interim order. Because the burden of proof was shifted to Mr. Garcia, the non-moving party, and because he was entitled to a *de novo* hearing, we find the March 11, 2021 judgment was in error.

**The Post-Separation Family Violence Relief Act**

In assignment of error number three, Mr. Garcia argues that the Post-Separation Family Violence Relief Act applies in this case and that the district court

erred in failing to apply this Act when considering Ms. Hernandez's motion to modify the initial custody order. This assignment also has merit.

La. R.S. 9:364 provides as follows:

A. There is created a presumption that no parent who has a history of perpetrating family violence, as defined in R.S. 9:362, or domestic abuse, as defined in R.S. 46:2132, or has subjected any of his or her children, stepchildren, or any household member, as defined in R.S. 46:2132, to sexual abuse, as defined in R.S. 14:403, or has willingly permitted another to abuse any of his children or stepchildren, despite having the ability to prevent the abuse, shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.

B. The presumption shall be overcome only if the court finds all of the following by a preponderance of the evidence:

(1) The perpetrating parent has successfully completed a court-monitored domestic abuse intervention program as defined in R.S. 9:362, or a treatment program designed for sexual abusers, after the last instance of abuse.

(2) The perpetrating parent is not abusing alcohol or using illegal substances scheduled in R.S. 40:964.

(3) The best interest of the child or children, considering the factors listed in Civil Code Article 134, requires the perpetrating parent's participation as a custodial parent because of the other parent's absence, mental illness, substance abuse, or other circumstance negatively affecting the child or children.

The provisions of the Post-Separation Family Violence Relief Act become operative if the court finds that there has been family violence and that there is a history of family violence. Nguyen v. Le, 07-81 (La. App. 5 Cir. 5/15/07), 960 So.2d 261, 263. In the November 8, 2018 judgment, the domestic commissioner found that "a history of family violence exist between Irrael Farcia [*sic*] and Jaidy Hernandez since there exist more than one incident of family violence perpetuated by Jaidy Hernandez on Irrael Garcia." As a result of this finding, the provisions of the Post-Separation Family Violence Relief Act became operative in this case. The record indicates that the district court did not fully consider the provisions of this Act in modifying custody. Although the record contains a certificate indicating Ms.

Hernandez completed the domestic abuse intervention program, satisfying the first requirement of La. R.S. 9:362 B, there is nothing to reflect whether Ms. Hernandez satisfied the second or third requirements of La. R.S. 9:362 B(2) and (3).

We further find that because the district court did not fully consider whether Ms. Hernandez satisfied the La. R.S. 9:362 requirements, the judgment modifying custody was in error.

**DECREE**

For the reasons stated herein, we vacate the domestic commissioner's February 1, 2021 interim judgment and the district court's March 11, 2021 judgment, and we reinstate the domestic commissioner's November 8, 2018 judgment. We remand this case to the district court to reset Ms. Hernandez's motion to modify custody before the domestic commissioner.

<u>**VACATED AND REMANDED**</u>



SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 11, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**21-CA-338**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
M. MOLLY MACKENZIE (APPELLANT)          EUGENE P. REDMANN (APPELLEE)

### MAILED
NO ATTORNEYS WERE MAILED